Argued and submitted December 4, 1992, affirmed October 6, 1993, reconsideration denied January 19, petition for review denied February 22, 1994 (318 Or 382)

# STATE OF OREGON,
*Respondent,*

*v.*

# ERIC H. RANDOLPH,
*Appellant.*

## (C901455CR, C901454CR;
## CA A72159 (Control), A72160)
## (Cases Consolidated)

860 P2d 873

Stephen A. Houze, Portland, argued the cause and filed the brief for appellant.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Defendant appeals his convictions of one count of rape in the first degree, four counts of sexual abuse in the first degree, one count of incest in the first degree and one count of endangering the welfare of a minor. ORS 163.375; ORS 163.427; ORS 163.525; ORS 163.575. We affirm.

Defendant was charged in three separate indictments with a total of 13 offenses allegedly committed against his daughter, who was six years old at the time of trial, and her friend, who was nine at the time of trial. In one indictment alleging crimes committed against the daughter, defendant was charged with three counts of rape (all worded the same way), three counts of sexual abuse (also indistinguishable from one another), one count of sodomy and one count of incest. All of the counts alleged that the crimes had been committed between November 1, 1989, and July 31, 1990.

The remaining two indictments charged defendant with crimes committed against the daughter's friend. The first alleged three counts of sex abuse (all worded in the same way) and one count of endangering the welfare of a minor (based on the allegation that defendant had masturbated in front of the friend). The second indictment charged defendant with sodomy. All of these crimes were also alleged to have been committed between November 1, 1989, and July 31, 1990.

At trial, only two of the charged crimes could be identified by date. The friend testified that defendant had sexually abused her and masturbated in front of her on a specific occasion when she was alone with defendant. She reported this abuse on the same day that other witnesses, including her mother, identified as being July 15, 1990. At the close of the state's case-in-chief, it elected to prove that one of the sexual abuse charges involving the friend and the charge of endangering the welfare of a minor had occurred on July 15, 1990. The trial court instructed the jury that, as to those two charges, the state was required to prove that the offense occurred "on or about July 15, 1990."

The friend also testified that, when she went to visit defendant's daughter at the family's country home, defendant "mess[ed] with [their] private spots" by touching them

with his fingers and that this happened "[a] lot of times, about ten or 12" and "[a]lways in the bathtub." The friend did not identify any of those events by date or otherwise distinguish between them. Defendant's daughter testified that defendant had touched her while she was in the bathtub. Her brother testified that he had seen defendant touch his sister while defendant was sitting or lying on the couch.

The gist of two of defendant's assignments of error is that, because the state was not otherwise required to elect which of the many occurrences it would rely on as proof, there was a danger that a conviction would be returned by fewer than the ten required jurors. In other words, some jurors might conclude that event A had occurred but others might decide that event B had occurred instead, thereby violating the jury unanimity rule. *See State v. Boots*, 308 Or 371, 780 P2d 725 (1989).

Defendant relies on the "either/or" rule that, when the evidence shows more than one act involving the same victim, the trial court should require the state to settle on a specific criminal act. *State v. Yielding*, 238 Or 419, 424, 395 P2d 172 (1964); *State v. Pace*, 187 Or 498, 212 P2d 755 (1949); *State v. Ewing*, 174 Or 487, 149 P2d 765 (1944). The state does not dispute the applicability of that legal principle, but contends that the trial court properly applied it.

Defendant specifically argues that the trial court erred by not requiring the prosecutor, at the end of the state's case-in-chief, to elect which occurrences the state would rely on as proof. He argues that the court could have remedied that problem by giving his proposed instruction and that it erred in failing to do so. He also contends that the trial court erred in granting judgments of acquittal as to some, but not all, of the counts in the indictments for which the state declined to elect specific acts or occurrences. It is his position that the trial court's decisions did not prevent the danger that he could be convicted by fewer than 10 jurors.

■ Although the state was not forced to elect, we conclude that the court's granting of defendant's motions for acquittal accomplished what defendant wanted: reduction in the multiple counts with which he was charged. Furthermore, while defendant's proposed instruction was not given,

the ones that the court did give sufficiently avoided the danger of conviction by fewer than 10 jurors.

Defendant moved for a judgment of acquittal as to two duplicate counts of sexual abuse involving the friend. Apart from the incident on July 15, which the state elected to prove, the victim had testified as to acts that took place in the bathtub. In granting defendant's motion for judgment of acquittal as to one of the sexual abuse counts, the court stated that the two sexual abuse charges remaining would permit the jury to deliberate two occurrences: one that occurred on July 15 in "the new house" and the second in the bathtub.

Defendant also moved for judgment of acquittal on the duplicate rape and sexual abuse counts involving his daughter. The trial court concluded that the evidence established separate locations—the bathtub and the couch—and that the locations distinguished two sexual abuse charges. It then granted defendant's motion for acquittal on two of the three rape counts and one of the three sexual abuse counts.

When the court granted defendant's motions for judgment of acquittal on the duplicate counts, that had the effect of forcing an election. The charges that were submitted to the jury regarding both victims were particularized and distinct.[1]

Defendant argues, however, that the court confused judgments of acquittal with the requirement to compel election. He contends that there was "nothing to distinguish" between the duplicate counts "either in a pleading or in the evidence and, therefore, * * * it would be impossible for a jury to be able to single out and identify a separate incident to be the basis for separate convictions on those multiple counts." He argues that it was inconsistent to grant acquittal on some, but not all, of the duplicate counts and that there was no way for the court to examine indistinguishable duplicate counts

---

[1] Five charges involving the daughter were submitted to the jury: one count of rape, two counts of sexual abuse, distinguished by location, one count of sodomy and one count of incest. The jury found defendant guilty of rape, the two sexual abuse charges and incest. Four charges involving the friend were submitted to the jury: two counts of sexual abuse, one identified by date and the other by location, one count of sodomy and one count of endangering the welfare of a minor, also identified by date. The jury found defendant guilty of all of the charges except sodomy.

and determine that there was sufficient evidence to support one but not another.

■ That the evidence was not particularized enough to prove multiple counts that were indistinguishable unless they occurred on different dates does not preclude a finding that one of the acts occurred on an unknown date. Defendant sought to narrow the multiple charges. The court's granting of his motions for acquittal accomplished that result.[2] There was no error, particularly in the light of the instructions that were given to the jury.

■■ Defendant argues that the court erred in not giving his proposed instructions that were charge-specific and designed to inform the jury that, in order to convict, at least 10 of the jurors had to agree that defendant had committed the same act. A trial court has discretion regarding the phrasing of instructions, and the court is not required to give them in the form requested. *State v. Leppanen*, 253 Or 51, 53, 453 P2d 172 (1969). The court did not abuse its discretion in refusing the requested instructions here. To ensure that the jury would convict only upon a determination that the same act had occurred, the trial court instructed the jurors that, in order to return a guilty verdict on any separate crime charged, there had to be "an occasion * * * when all of the elements establishing [the] crime * * * simultaneously occurred together at the same time." That instruction was adequate to inform the jury that it had to agree that the same act had been proved and that the act occurred on a separate occasion.

■ Defendant also contends that the court failed to give a limiting instruction regarding other crimes evidence. Defendant did not raise that issue until he filed his motion for a new trial. That is too late. Nonetheless, he contends that we should review the error as one apparent on the face of the record. ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). We decline that invitation, because the failure to give limiting instructions is not an error for which "the legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259

---

[2] By our decision, we do not intend to imply that granting a judgment of acquittal is necessarily a better practice than requiring the state to elect.

(1990). As the trial court noted here in explaining that it does not give cautionary instructions *sua sponte,* some defense counsel do not want them, because they call the jury's attention to other bad acts or convictions. We may not review the claim of error. *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993); *State v. Castrejon*, 317 Or 202, 856 P2d 616 (1993).

Affirmed.