Argued and submitted January 7, reversed and remanded for new trial
May 8, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## BRUCE CHRISTIAN AVERITT,
*Appellant.*

## D02-00103M; A117827

68 P3d 269

Andrew S. Chilton argued the cause and filed the brief for appellant.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■ Defendant appeals his conviction for harassment. ORS 166.065.[1] He assigns error to the court's refusal to give his requested jury instruction on self-defense. We review for errors of law, *State v. Moore*, 324 Or 396, 427, 927 P2d 1073 (1996), and reverse.

■ In determining whether there is evidence to support defendant's requested jury instruction, we view the facts in the light most favorable to defendant. *State v. Loew*, 130 Or App 370, 372, 881 P2d 837 (1994). At trial, defendant called Jeffrey Turner, who was present for a portion of the events that gave rise to the harassment charge. Turner testified that, on his way home from work, he stopped by defendant's house. Turner said that defendant and complainant were both intoxicated and were fighting verbally. Defendant called complainant a "bitch" and complainant said, "Don't call me a bitch." Complainant then slapped defendant "on the side of the head just really hard." Turner testified that, after slapping defendant, complainant sat on the couch. Turner explained that, at that point, defendant "just sat there * * * he was just kind of dumbfounded after she hit him so hard and then he—then *about a minute later*, he started getting kind of mad." (Emphasis added.) Defendant then "kind of * * * grabbed [complainant] by her feet and pulled her off the couch." The cordless phone "was * * * right there by her, it fell on the floor. She picked up the phone and stabbed the phone a few times and hung up." Turner testified that, after complainant hung up the telephone, defendant and complainant began "slap fighting." After the "slap fight," complainant "went into the bedroom to the gun cabinet and started going for the lock on the cabinet." Defendant "was trying to keep her away from [the cabinet]" and "kind of restraining her." On cross-examination, Turner testified that defendant was successful in restraining complainant from

---

[1] ORS 166.065 provides, in part:

"(1) A person commits the crime of harassment if the person intentionally:

"(a) Harasses or annoys another person by:

"(A) Subjecting such other person to offensive physical contact[.]"

the gun cabinet because "he's bigger than she is" and "[h]e was holding her back off of it."

On appeal, defendant separates the "couch" encounter from the "gun cabinet" encounter and makes two arguments as to why the court erred in refusing to give his requested self-defense instruction. First, defendant asserts that the trial court substituted itself as a trier of fact when it determined that his response to complainant hitting him could not be deemed self-defense. Second, defendant argues that, even if the trial court was correct in concluding that his hitting complainant after she hit him could not have been self-defense, the jury also heard evidence that he restrained complainant as she attempted to get to the gun cabinet. Defendant argues that it is at least possible that the jury convicted him of harassment based on the gun cabinet encounter and not on the couch encounter and that, even if he was not entitled to a self-defense instruction regarding the couch encounter, he was entitled to one with respect to the gun cabinet encounter.

Regarding the couch encounter, the state responds that there is no evidence from which a jury could have found that "defendant reasonably believed the victim was using or [was] about to use unlawful physical force against him." The state also asserts that, at trial, it

"offered evidence concerning only the events occurring near the couch. The state neither relied on nor adduced evidence regarding the subsequent interactions between defendant and the victim near the gun cabinet. That evidence was adduced by defendant and did not address the events underlying the state's charges."

The state further argues that, even though the charging instrument was not specific as to which encounter formed the basis of the charge, the specific encounter is irrelevant

"because the state did not present any evidence of a second encounter between defendant and the victim. Consequently, even if the facts regarding the encounter over the gun cabinet * * * might have supported a self-defense instruction, such an instruction was irrelevant to the state's charge."

We first consider defendant's self-defense defense. ORS 161.209 states, in part, that

> "a person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

The uniform jury instruction, which defendant requested, states:

> "The defense of self-defense has been raised.
>
> "A person is justified in using physical force upon another person to defend himself from what he reasonably believes to be the use or imminent use of unlawful physical force. In defending, a person may only use that degree of force which he reasonably believes to be necessary.
>
> "The burden of proof is on the state to prove beyond a reasonable doubt that the defendant did not act in self-defense."

In *State v. Shelley*, 110 Or App 225, 228, 821 P2d 1111 (1991), we stated:

> "When a defendant asserts a defense to a charge, he is entitled to have his theory of the case presented to the jury, if there is any evidence from which the jurors could infer that the required elements of the defense are present. The trial court has no discretion to refuse to give a proper instruction."

*See also State v. Ramsey*, 184 Or App 468, 473-75, 56 P3d 484 (2002) (citing *State v. Brown*, 306 Or 599, 761 P2d 1300 (1988)).

■ The trial court correctly refused to give defendant's requested instruction based on the couch encounter because there was no "evidence from which the jurors could infer that the required elements of the defense are present." *Id.* Pursuant to ORS 161.209, the elements of self-defense include the defense of self or of a third party "from what the person reasonably believes to be the *use or imminent use* of unlawful physical force." (Emphasis added.) In *State v. Taylor*, 123 Or App 343, 348, 858 P2d 1358 (1993), we stated that "[a]n

imminent threat is one that is immediate, ready to take place, or near at hand." Turner's testimony was that, after complainant slapped defendant, defendant waited a full minute before pulling complainant off the couch by her feet. There was no testimony that complainant was doing anything while defendant waited during that minute. Rather, the testimony was that complainant was simply sitting on the couch. Therefore, defendant's actions during the couch encounter could not constitute self-defense, and the trial court did not err when it declined to give defendant's requested self-defense instruction because the couch encounter did not warrant one.

We now turn to the gun cabinet encounter. Defendant relies on *Loew* to argue that, based on the gun cabinet encounter, he was entitled to a self-defense instruction. In *Loew*, the complainant, who resided in an apartment directly above the defendant, came downstairs to the defendant's apartment and asked the defendant to turn down the volume on his stereo. The defendant turned down the stereo but, after the complainant left, increased it to its previous volume. The complainant went back to the defendant's apartment and kicked the door. As the defendant opened the door, the complainant pushed his way inside and swung at the defendant. The defendant pushed the complainant out the door, and the complainant stumbled backwards and fell down the porch steps. The defendant followed the complainant into the street and, subsequently, when the complainant nudged past the defendant with his shoulder, the defendant punched the complainant in the face. The defendant was charged with assault in the fourth degree. At the close of the evidence at trial, the defendant requested self-defense and defense of premises instructions. The trial court gave the defendant a self-defense instruction but ruled that the evidence did not support the defense of premises instruction. *Loew*, 130 Or App at 372.

The defendant argued that the evidence established two assaults: one in the apartment and one on the street. The defendant asserted that, "because the jury might have convicted him based on the incident at defendant's apartment, and because defense of premises might have justified his actions in that incident, he was entitled to the requested

instruction." *Id.* at 373. The state focused on the street assault and argued that "any defense of premises had been completed prior to the assault in the street." *Id.* We noted that the charging instrument was general and that it did not

> "specify which encounter—the one at the apartment or the one in the street—formed the basis for the indictment. Because the jury could have convicted defendant based on the encounter at the apartment, it was error to fail to instruct the jury on defense of premises."

*Id.*

Here, as in *Loew*, the charging instrument is general.[2] It does not specify the couch encounter as the basis for the harassment charge. The jury could have convicted defendant based on the gun cabinet encounter. It is irrelevant that the state restricted its argument regarding the harassment charge solely to the couch encounter or that defendant, not the state, adduced the evidence regarding the gun cabinet encounter. The state did not object when the defense presented the gun cabinet evidence and, therefore, the evidence is now part of the record and was before the jury for consideration. Defendant was thus entitled to a self-defense instruction.

At oral argument, the state asserted that the trial court could have properly refused to give a general self-defense instruction because, in this context, that instruction could have been misleading or confusing to the jury. In particular, the state argues that, if the couch encounter would not have been susceptible to a self-defense instruction but the gun cabinet encounter would have been, and defendant's proposed instruction was not limited to the gun cabinet encounter, then that instruction might be misleading or confusing to the jury as suggesting that self-defense might be applicable to the couch encounter when, in fact, it was not. The state contends that it is incumbent on defendant to tailor the uniform instruction to the particular circumstances of this case

---

[2] The charging instrument states that "[t]he defendant, on or about December 29, 2001, in Washington County, Oregon, did unlawfully and intentionally harass and annoy [complainant], by subjecting [complainant] to offensive physical contact."

so as to avoid that type of confusion and, because defendant did not do so, the court properly rejected the instruction.

We decline to consider the state's alternative argument, which it raises for the first time on appeal. If the state had raised that objection to the trial court regarding defendant's proposed instruction, the record might have been developed differently and, perhaps, the trial court could have relied on the state's reasoning in refusing to give the instruction, or defendant might have revised his proposed jury instruction. However, the state did not make such an objection. In *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003), we noted that, when a party makes the argument on appeal that a requested jury instruction is "potentially confusing or misleading," *id.* at 705, but does "not raise any such objection to the requested instruction in the trial court," *id.* at 706, the objection should not be considered.

> "[G]iven the possibility that the requested instruction could have been revised in response to such a contemporaneous objection, it is at least questionable whether [the party's] present argument is cognizable as an alternative basis for affirmance. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (alternative basis for affirmance is not cognizable 'if the losing party might have created a *different* record below had the prevailing party raised that issue' (emphasis in original))."

*Beall Transport Equipment Co.*, 186 Or App at 706. That principle controls here.

In sum, although the trial court was correct in holding that there was not sufficient evidence to warrant a self-defense instruction based on the couch encounter, the charging instrument and the evidence were so broad that the jury could have convicted defendant of harassment based on the gun cabinet encounter. Therefore, it was error for the trial court to fail to instruct the jury on self-defense.

Reversed and remanded for new trial.