Submitted March 22, affirmed October 24, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EMMIT JOHN SULLIVAN,
*Defendant-Appellant.*

Jackson County Circuit Court
090237FE; A143645

288 P3d 1004

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Andrew M. Lavin, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

### WOLLHEIM, J.

A jury found defendant guilty of two counts of sodomy in the first degree, ORS 163.405, and two counts of sodomy in the second degree, ORS 163.395. On appeal, defendant asserts that the trial court erred in denying his request for a jury instruction. Defendant argues that the state presented two theories about how the jury could find the required element of forcible compulsion—that is, physical force or a threat—to commit sodomy in the first degree, and the court should have instructed the jury that it had to agree on the theory for defendant's guilt. Accordingly, defendant argues, the trial court was required to instruct the jury that it had to agree on the type of forcible compulsion defendant used.[1] The state contends that forcible compulsion is an element of the crime of sodomy in the first degree and that the state was permitted to present alternative evidence to establish that element. We agree with the state and therefore affirm.[2]

"We review a trial court's refusal to give a requested instruction for errors of law in light of the facts that are most favorable to defendant." *State v. Greeley*, 220 Or App 19, 21, 184 P3d 1191 (2008).

Defendant and the victim met in the summer of 2007, when the victim was 13 years old and defendant was 35, and they lived in the same trailer park. At trial, the victim testified that one time defendant made her get on her knees and suck his penis and that defendant said that he would kill her if she did not comply. The victim said that the sexual encounter ended when defendant ejaculated and forced her to swallow the ejaculate. The victim also testified that, a few days later, in defendant's bedroom, defendant made her pull her pants down and defendant penetrated her anally, causing her to bleed. The victim said that that sexual encounter ended when he ejaculated. The victim said that, although defendant did not threaten her during the

---

[1] Defendant does not assign any error pertaining to his convictions for second-degree sodomy.

[2] Defendant also argues that nonunanimous jury verdicts are unconstitutional. We reject that argument, as we have in the past. *State v. Cobb*, 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009).

second incident, she was still scared of defendant from the first incident.

In the state's closing argument, the prosecutor stated:

"Now, the Judge described to you what forcible compulsion was, and you heard the testimony. As far as the definition of forcible compulsion goes, to compel by either physical force or a threat, express or implied, that places a person in fear of immediate or future death or physical injury.

"We know that she testified that he took her head and forced it down to his exposed penis. That's using physical force. In addition to that, she stopped, attempted to scream, he told her 'I'll kill you.' That's a threat. That's not actually an implied threat, that's an express threat.

"After it was completed and he had ejaculated, he said to her, 'Don't tell anyone. I'll kill you.' * * * [W]hen he flips her over the next time and puts her down on the bed, she still is going under that implied threat. That's what constitutes the force."

Defendant argued that the state presented two different theories about how the jury could find forcible compulsion—physical force or a threat—and therefore the jury should have been instructed to find that defendant used one type of forcible compulsion before the jury could find that defendant committed the crime of sodomy in the first degree. The court denied defendant's request for the instruction. All 12 jurors found defendant guilty of two counts of sodomy in the first degree and two counts of sodomy in the second degree.

On appeal, defendant challenges his convictions for sodomy in the first degree, arguing that the trial court erred in denying his requested instruction. The state asserts that the trial court did not err. Accordingly, we begin our analysis with an overview of the law related to when a trial court is required to give such a jury instruction.

In *State v. Boots*, 308 Or 371, 373, 780 P2d 725 (1989), an aggravated murder case, the Supreme Court held that it was error for the trial court to instruct the

jury that it need not agree on the factual circumstance that made the homicide aggravated murder as distinct from simple murder. The indictment had charged two theories of aggravated murder: that the homicide was committed in the course and in furtherance of committing robbery in the first degree, under ORS 163.095(2)(d), and that the defendant committed the homicide in order to conceal the identity of the perpetrators of the robbery, ORS 163.096(2)(e). *Id.* at 374. The court concluded that each aggravating factor was an essential element of aggravated murder and that the jury must concur on the element. *Id.* at 377. The court noted, "We are not speaking here of factual details, such as whether a gun was a revolver or a pistol and whether it was held in the right or the left hand. We deal with facts that the law (or the indictment) has made essential to a crime." *Id.* at 379. As stated in *State v. Lotches*, 331 Or 455, 472, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001), the general rule is that "a jury must be instructed concerning the necessity of agreement on all material elements of a charge in order to convict."

The decisive question in reviewing the court's rejection of defendant's requested instruction is whether the jury was allowed to base its verdict on alternative factual occurrences, each of which would be a separate crime, or whether the state merely presented alternative evidence to establish a single element of the offense. *Greeley*, 220 Or App at 24. For example, in *State v. King*, 316 Or 437, 446, 852 P2d 190 (1993), *overruled in part on other grounds by Farmers Ins. Co. v. Mowry*, 350 Or 686, 261 P3d 1 (2011), the court concluded that the trial court did not err in denying the defendant's requested instruction because ORS 813.010(1) described a single offense, DUII, with two elements: that the accused (1) drove a motor vehicle (2) while under the influence of intoxicants. The jury did not have to agree on which test results established that the driver was "under the influence." *Id.* In *State v. White*, 115 Or App 104, 107-08, 838 P2d 605 (1992), we concluded that the defendant "could have done several different acts and, if he intended thereby to attempt to place [the victim] in fear, would have committed menacing. The jury did not have to agree unanimously that [the defendant] did any specific act that would cause fear in order to find him guilty of menacing."

*See also Greeley*, 220 Or App at 25-26 ("Defendant could have committed several acts that, alternatively, constituted evidence of a single element—recklessness—in an episode of driving that lasted no more than four minutes."). *Cf. State v. Houston*, 147 Or App 285, 292, 935 P2d 1242 (1997) ("This is not a case like *King* or *White*, in which the state merely offered alternative evidence of a single factual occurrence. Instead, it is like *Boots*, in that the jury was allowed to base its verdict on alternative factual occurrences, each of which itself would be a separate crime.").

Turning to the statutes at issue in this case, ORS 163.405(1)(a) provides:

"A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor[.]"

ORS 163.305(2) defines forcible compulsion as follows:

"'Forcible compulsion' means to compel by:

"(a) Physical force; or

"(b) A threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."

Reading the statutes together, ORS 163.405 provides that the elements of sodomy in the first degree are (1) deviate sexual intercourse and (2) forcible compulsion. *See also State v. Delaney*, 160 Or App 559, 567, 984 P2d 282, *rev den*, 329 Or 358 (1999) ("The material elements of sodomy in the first degree under ORS 163.405(1) are forcible compulsion and deviate sexual intercourse."). ORS 163.305(2) defines "forcible compulsion," as either physical force or a threat. Both are merely different ways of proving the element of forcible compulsion. This is not like the situation in *Boots*, 308 Or 371, where alternative factual occurrences would each constitute a separate crime. Rather, it is like *King*, 316 Or 437, where there are multiple ways that the state may prove one element: forcible compulsion.

Accordingly, we conclude that the state was entitled to present evidence that defendant engaged in forcible compulsion by physical force or by threat, and the trial court did not err in denying defendant's requested jury instruction.

Affirmed.