626 July 2, 2025 No. 594

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHEENA RENEE RAMIREZ,
*Defendant-Appellant.*

Marion County Circuit Court
21CR46576, 20CR67148; A181821 (Control), A181822

Jodie A. Bureta, Judge.

Submitted May 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this consolidated criminal appeal, defendant seeks reversal of a judgment convicting her on two counts of recklessly endangering another person in Case No. 21CR46576 and the related judgment revoking her probation in Case No. 20CR67148, which was based on those convictions. On appeal, defendant advances two assignments of error. First, she argues that the trial court erred in denying her motion to suppress evidence. Second, she contends that the court plainly erred when it failed to instruct the jury that it must concur on each incident that constituted recklessly endangering another person. We affirm.

*Motion to Suppress.* In her first assignment, which challenges the trial court's denial of her motion to suppress, defendant argues that our decision in *State v. Krause*, 281 Or App 143, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017), is plainly wrong and should be overruled. We reject that argument for the reasons explained in *State v. Stevens*, 329 Or App 118, 125-26, 540 P3d 50 (2023), *rev den*, 372 Or 437 (2024).

*Concurrence Instruction.* In her second assignment, defendant contends that the jury heard two different factual bases for the charges of recklessly endangering another person—defendant's act of driving under the influence of intoxicants with two children as passengers and her failure to ensure that each of the children was properly secured in the car while she was driving—and that the trial court erred by not instructing the jurors that they had to concur as to which of those factual occurrences was the reckless conduct. Acknowledging that she did not raise that contention before the trial court, defendant asserts that the court's failure to give that instruction constitutes plain error. *See* ORAP 5.45(1) (allowing discretionary review of "plain" errors); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (explaining that an error is "plain" when it is an error of law, is obvious and not reasonably in dispute, and is apparent on the record without having to choose among competing inferences). In response, the state argues that no such instruction was required because the state was relying on a single course of conduct and adducing alternative evidence to

prove the elements of the offense, not presenting alternative factual theories. *See State v. Greeley*, 220 Or App 19, 25-26, 184 P3d 1191 (2008) (holding that the trial court was not required to instruct the jury that it must concur on which factual occurrence supported the verdict where the defendant "could have committed several acts that, alternatively, constituted evidence of a single element—recklessness—in an episode of driving that lasted no more than four minutes"; the state, in that circumstance, "was entitled to rely on the entire course of defendant's driving to establish the element of recklessness"). In light of *Greeley*, it is not obvious or beyond reasonable dispute that a concurrence instruction regarding the reckless conduct was required on this record. *See, e.g.*, *State v. Serrano*, 355 Or 172, 179-80, 324 P3d 1274 (2014), *cert den*, 576 US 1037 (2015) (explaining that the "obviousness" requirement of plain-error review requires an appellant to demonstrate both that (1) the legal principles are "obvious" and beyond reasonable dispute and (2) applying those "obvious" legal principles to the circumstances of the case show that the trial court erred). Accordingly, we reject defendant's argument that the court plainly erred in failing to give a concurrence instruction.

Affirmed.