272 November 26, 2025 No. 1028

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON LEVI GILMORE,
*Defendant-Appellant.*

Washington County Circuit Court
22CR25648; A180362

Eric Butterfield, Judge.

Argued and submitted July 16, 2024.

Carla Edmondson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General and Colm Moore, Assistant Attorney General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for one count of stalking, ORS 163.732, raising six assignments of error. In his first assignment, defendant argues that the trial court plainly erred when it failed to give a jury concurrence instruction. We conclude that the court did not plainly err in failing to *sua sponte* give a concurrence instruction because any error was not legally obvious. In his second through sixth assignments, defendant asserts that the trial court erred when it imposed special conditions of probation that were not announced on the record. The state concedes the sentencing error, and we accept that concession. Accordingly, we remand for resentencing and otherwise affirm.

Because the parties are familiar with the factual and procedural history, we provide a limited recitation of the undisputed background for this nonprecedential memorandum opinion. Defendant and S were in a romantic relationship, and S testified that the relationship had been "on and off" and lasted for about a decade. S further testified that, because she was in a new relationship, she told defendant to "stay away" and "leave me alone." The state presented evidence of multiple instances in which defendant contacted S after she told defendant to stay away. That evidence included testimony from S that there were a "couple of times" where defendant showed up uninvited at her house and stood in the bushes outside her window, and the state introduced photographs of a series of text messages between S and defendant. Defendant did not request a jury concurrence instruction. The jury found defendant guilty of one count of stalking, and this timely appeal follows.

On appeal, defendant acknowledges that he did not request a jury concurrence instruction and asserts that the trial court plainly erred in failing to *sua sponte* give one. *See generally State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) (explaining that the general rule is that "an issue not preserved in the trial court will not be considered on appeal"); ORAP 5.45(1) (allowing discretionary review of "plain" errors). First, for a claimed error to be "plain," the error must be one of law, obvious and not reasonably in dispute,

and apparent on the record. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those requirements are satisfied, the second step is to decide whether to exercise our discretion to consider and correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (observing that a court should exercise "utmost caution" in addressing a plain error because "[s]uch an action is contrary to the strong policies requiring preservation and raising of error").

Under Article I, section 11, of the Oregon Constitution, a jury can return a guilty verdict only if all jurors agree on the facts that an indictment or the law has made essential to a crime. *State v. Trenary-Brown*, 311 Or App 579, 583, 489 P3d 1114 (2021). As the Oregon Supreme Court explained, it is not "factual details, such as whether a gun was a revolver or a pistol and whether it was held in the right or the left hand" that the jury must agree on, but the "facts that the law (or the indictment) has made essential to a crime." *State v. Boots*, 308 Or 371, 379, 780 P2d 725 (1989). One scenario that implicates that right is "when the indictment charges a single violation of a crime but the evidence permits the jury to find multiple, separate occurrences of that crime." *State v. Pipkin*, 354 Or 513, 517, 316 P3d 255 (2013).

In this case, given the charge, the state had to prove that defendant made "repeated"—*i.e.* two or more—contacts with S that were "unwanted," that it was objectively reasonable for a person in S's situation to be alarmed or coerced by the contact, and that the contact caused S reasonable apprehension for her safety. *See* ORS 163.732(1) (setting forth the elements of stalking). Defendant argues on appeal that the trial court was required to instruct the jury that it must concur on which acts constituted stalking, because the jury could have found that defendant had committed multiple occurrences of stalking. In support of his plain-error argument, defendant relies on *State v. Rolfe*, 304 Or App 461, 468, 468 P3d 503 (2020), where we concluded that, because the evidence would have allowed the jury to find that the defendant committed the crime of violating a stalking protective order in two factually distinct ways, the trial court plainly erred in failing to give a concurrence instruction.

The state remonstrates that the trial court did not plainly err in failing to give a jury concurrence instruction. Specifically, the state argues that *Rolfe* does not obviously require a concurrence instruction under the circumstances of this case for two reasons. First, *Rolfe* involved the violation of a stalking protective order, which generally can be done by a single act, and stalking requires "repeated" contacts. Second, in *Rolfe*, the state presented "two, factually distinct" ways in which the defendant could have violated the stalking protective order, whereas here the state proceeded on a course-of-conduct theory. Moreover, the state notes that in closing argument, defendant did not dispute that the contacts occurred but maintained that he did not know that they were unwanted and that they did not satisfy the other elements of stalking—reasonable alarm and apprehension—because of the "on and off" nature of their relationship. In the state's view, a jury concurrence instruction was not obviously required because its theory of the case at trial was that defendant's "course of conduct" created alarm and apprehension and that the state could rely on the cumulative effect of defendant's multiple contacts. *See, e.g.*, *State v. Greeley*, 220 Or App 19, 25-26, 184 P3d 1191 (2008) (concluding that a jury concurrence instruction was not required when the state relied on the defendant's entire course of conduct to establish the elements of the offense of reckless driving).

Defendant did not file a reply brief. In a memorandum of additional authorities, he cites *State v. Sierzega*, 236 Or App 630, 237 P3d 234 (2010), and argues that the state's construction of the elements of stalking as a "course-of-conduct" offense is contrary to precedent because, in defendant's view, caselaw makes it clear that "each contact that the state relies on must cause alarm and reasonable apprehension for the victim's personal safety." (Emphases omitted.)

The parties present conflicting arguments as to whether a jury concurrence instruction is required in stalking cases where the state presents evidence of more than two contacts. Defendant believes this case is like *Rolfe*, whereas the state contends this case is more like *Greeley*. No party, however, has pointed to any case that has held

that a concurrence instruction is required in a stalking case under these circumstances, or that it would be plain error for a court not to *sua sponte* (Latin for "voluntarily" or "of one's own accord") give one. Therefore, we conclude that any error in failing to give the instruction in this case was not obvious legal error. *See State v. Reyes-Camarena*, 330 Or 431, 436, 7 P3d 522 (2000) (holding that the alleged error was not plain, in part, because "[n]o Oregon appellate court ha[d] considered the issue, let alone held that defendant's position [was] correct"); *see also State v. Gallegos*, 302 Or App 145, 152, 460 P3d 529, *rev dismissed*, 366 Or 382 (2020) (explaining that the competing arguments offered by the parties demonstrated that the alleged error was reasonably in dispute, which "has the effect of precluding plain-error review"). Moreover, even if the court plainly erred, we would not exercise our discretion to correct the error because a timely request for a concurrence instruction would have given the parties and the court an opportunity to address and resolve the error.

Turning to the second through sixth assignments of error, defendant argues that the trial court erred when it announced that defendant would "be subject to a domestic violence package," and then imposed special conditions of probation in the judgment that were not stated on the record in violation of *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (explaining that a criminal defendant has the right to have his, her, or their sentence announced in open court, and a trial court errs if it does not do so). The state concedes the error, and we accept that well-founded concession.

Remanded for resentencing; otherwise affirmed.