Argued and submitted November 18, reversed and remanded
December 18, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER JAMES BURRIS,
*Defendant-Appellant.*

Washington County Circuit Court
17CR81040; A167349

456 P3d 684

Defendant appeals from a judgment of conviction for one count of delivery and possession of a substantial quantity of heroin and one count of felon in possession of a restricted weapon, raising two assignments of error. The Court of Appeals addresses only defendant's second assignment of error—that the trial court erred in instructing the jury on both principal liability and aiding and abetting liability without also instructing the jury that it must concur as to which theory formed the basis of its verdict. The state responds that, although it does not dispute that a jury concurrence instruction was required, any error was harmless given the closing arguments advanced by the prosecutor. *Held*: The trial court's failure to properly instruct the jury that it must concur on the factual and legal basis for its verdict was error. Moreover, the closing arguments advanced by the prosecutor in this case were insufficient in rendering the trial court's error harmless.

Reversed and remanded.

James Lee Fun, Jr., Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the reply brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. On the opening brief were Erica Herb, Deputy Public Defender, and Ernest G. Lannet, Chief Defender, Criminal Appellate Section.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Reversed and remanded.

**JAMES, J.**

Defendant appeals from a judgment of conviction for one count of delivery and possession of a substantial quantity of heroin and one count of felon in possession of a restricted weapon, raising two assignments of error. Because we agree with defendant on his second assignment—that the trial court erred in instructing the jury on both principal liability and aiding and abetting liability, without also instructing the jury that it must concur as to which theory formed the basis of its verdict—we need not address defendant's first assignment of error. Accordingly, we reverse and remand.

Defendant was a passenger in a minivan driven by another individual—Armour—that was stopped for traffic infractions. For reasons unrelated to our disposition on appeal, the officers arrested defendant and searched the minivan. During that search, the officers found both a dagger and a pink and black "makeup bag." Inside that bag, they found one bag that contained cocaine and one bag that contained heroin. The officers also found a scale and additional bags and rubber bands in the center console area of the minivan.

At trial, Armour testified that all of the drugs in the minivan were hers and that she intended to sell them. She had gone to Salem earlier in the day to collect the winnings from playing video poker in The Dalles. Before Armour left The Dalles, she ran into defendant and asked him to ride with her so that she would not have to drive alone. After collecting the money in Salem, Armour drove with defendant to Hillsboro to meet her dealer at a restaurant and purchase methamphetamine.

At the close of the trial, the trial court instructed the jury on the elements of defendant's liability as the principal for each crime charged. The trial court also instructed the jury that people can possess property individually or jointly. Then, the court instructed the jury on the elements of defendant's liability as an aider and abettor. The parties do not dispute that those instructions told the jury that it could find that defendant possessed the drugs individually with the intent to sell them, or that defendant possessed

the drugs jointly with Armour and intended to aid her in selling them. Further, the parties do not dispute that the instructions informed the jury that it could find defendant possessed the weapon directly, or that defendant aided Armour's possession of the weapon. Defense counsel did not request, and the court did not give, a jury concurrence instruction.

On appeal, defendant argues that the trial court erred in failing to give a concurrence instruction and asks us to consider the error under our "plain error" doctrine, as articulated in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). Under the first prong of *Ailes*, unpreserved error is eligible for our correction if (1) the error is one of law; (2) the error is apparent, meaning that the legal point is obvious and not reasonably in dispute; and (3) the error appears on the record. *Id.* If that first *Ailes* prong is met, then this court has discretion—under the second prong of *Ailes*—to correct the error, or not. *Id.* at 382.

The state acknowledges that a concurrence instruction was required under our case law in light of the court instructing the jury on both principal and aid-and-abet liability. However, the state argues that given the closing arguments advanced by the prosecutor in this case, any error did not likely influence the jury's decision making and is therefore harmless. Accordingly, the state asks us to decline to exercise our discretion to reach the error.

This court reviews a trial court's jury instructions for errors of law. *State v. Gray*, 261 Or App 121, 129, 322 P3d 1094 (2014). In determining whether evidence supports giving an instruction, this court reviews the evidence in the light most favorable to the party requesting the instruction. *State v. Beck*, 269 Or App 304, 309, 344 P3d 140, *rev den*, 357 Or 164 (2015). For an error in jury instructions to constitute reversible error, it must have prejudiced the defendant when the instructions are considered as a whole. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

The right to jury concurrence arises from Article I, section 11, of the Oregon Constitution. *State v. Ashkins*, 357 Or 642, 649, 357 P3d 490 (2015). "It has been clear in

Oregon, at least since [*State v. Boots*, 308 Or 371, 780 P2d 725 (1989)], that a jury must be instructed concerning the necessity of agreement on all material elements of a charge to convict." *State v. Lotches*, 331 Or 455, 472, 17 P3d 1045 (2000).

A trial court must charge the jury as to its concurrence obligation whenever the prosecution has proceeded under both theories. *State v. Phillips*, 354 Or 598, 606, 317 P3d 236 (2013). That is because "the elements necessary to prove liability as an aider and abettor ordinarily will not be coextensive with the elements necessary to prove liability as a principal." *Id*. When they are not coextensive "at least 10 jurors must agree on each legislatively defined element necessary to find the defendant liable under one theory or the other." *Id*.

Thus, like the parties on appeal, we conclude that the failure to give a concurrence instruction was legal error apparent on the face of the record. We disagree with the state, however, that the prosecutor's closing arguments rendered the error harmless. As we have recently noted, a court faced with a concurrence issue can

"(1) give a jury concurrence instruction, or (2) direct the parties to develop and submit an approved neutral statement of issues that limits the jury to the agreed upon factual allegation for the charged crime, or (3) create a general verdict form with interrogatories. Those options are neither singular nor exclusive, and the cautious court might wisely utilize a combination of methods. In any case, some form of communication from the court, to the jury, is required."

*State v. Payne*, 298 Or App 411, 427-28, 447 P3d 515 (2019). Ensuring jury concurrence requires a charge from the court—arguments by the parties are typically insufficient to properly charge the jury. Accordingly, we conclude in this case that argument by one party, in the face of competing instructions by the court on both principal and aid-and-abet liability, is insufficient to persuade us that the failure to charge the jury as to concurrence had "little likelihood" of "affect[ing] the verdict"—the standard for harmless error under the Oregon Constitution. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003).

Finally, we choose to exercise our discretion to correct the error. We recognize that the exercise of discretion by an appellate court to correct an error raised for the first time on appeal carries with it significant implications for trial courts. Courts are, first and foremost, intended to be a fair and neutral ground where litigants can try their cases. Sometimes such litigation involves choices, and theories, that may be highly questionable. But, at the end of the day, it is the *litigants'* case to try, not the *court's*. Every time an appellate court reverses on plain error for something not raised at trial, it sends a signal that the trial court, in that instance, should have *sua sponte* injected itself into that litigation. *See, e.g.*, *State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014) ("Rather, any 'plain error' must relate to the trial court having not taken affirmative steps to intervene in the parties' litigation."). Trial courts are rightly concerned, as are we, about the effect on the perception of neutrality that occurs when a court intervenes in the parties' litigation in that way.

With those prudential concerns in mind, we nevertheless have exercised our discretion to correct an error raised for the first time on appeal when the error went to the heart of the jury's deliberative process. For example, in the context of evidentiary plain error, we have most frequently reached such error under the plain error doctrine when it concerned vouching—a category of evidentiary error that the Oregon Supreme Court has noted "invade[s] the jury's role as the sole judge of the credibility of another witness," *State v. Charboneau*, 323 Or 38, 47, 913 P2d 308 (1996)—or creates a "risk that the jury will not make its own credibility determination, which it is fully capable of doing, but will instead defer" to an expert's opinion on that point, *State v. Southard*, 347 Or 127, 141, 218 P3d 104 (2009).

The failure to properly instruct a jury that it must concur on the factual and legal basis for its verdict, like evidentiary vouching, threatens to undermine the deliberative process and affect not just *what* the jury considers, but *how* it considers it. Accordingly, we have exercised our discretion to reach such error in previous cases. *See, e.g.*, *State v. Wright*, 281 Or App 399, 406, 383 P3d 385 (2016) (exercising

discretion to correct plain error in failing to give concurrence instruction where evidence would have allowed fewer than the required number of jurors to find the defendant liable either as a principal or an accomplice); *State v. Bowen*, 280 Or App 514, 536, 380 P3d 1054 (2016) (same); *State v. Gaines*, 275 Or App 736, 750, 365 P3d 1103 (2015) (same). The same concerns are present here.

Reversed and remanded.