Argued and submitted November 12, 2020, reversed and remanded
May 19, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SABRINA ANN TRENARY-BROWN,
*Defendant-Appellant.*

Marion County Circuit Court
17CR69783; A170102

489 P3d 1114

Defendant appeals from a judgment of conviction for one count of unlawful sexual penetration in the first degree, ORS 163.411, and one count of assault in the fourth degree, ORS 163.160. She contends that the trial court plainly erred in accepting a nonunanimous verdict on the sexual penetration charge and in failing to provide a concurrence instruction on the assault charge. With respect to the assault charge, defendant argues that a concurrence instruction was required because the state presented evidence of two injuries—each to different parts of the victim's body—either of which could have been the basis for the jury's verdict. *Held*: The trial court plainly erred by accepting a nonunanimous verdict and the Court of Appeals exercised its discretion to reverse the sexual penetration count. Likewise, because the prosecutor's argument repeatedly conflated the victim's injuries when discussing the assault count, there was a real possibility of juror confusion such that the trial court plainly erred in failing to provide a concurrence instruction. Because the failure to give a concurrence instruction threatens to undermine the jury's deliberative process, the court exercised its discretion to correct the error.

Reversed and remanded.

Susan M. Tripp, Judge.

Kali Montague, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for one count of unlawful sexual penetration in the first degree, ORS 163.411, and one count of assault in the fourth degree, ORS 163.160. She contends that the trial court plainly erred in accepting a nonunanimous verdict on the sexual penetration charge and in failing to provide a concurrence instruction on the assault charge. The state concedes error relating to the nonunanimous verdict but argues that the trial court did not plainly err in failing to give a concurrence instruction. We agree with defendant and therefore reverse.

The facts are largely undisputed.[1] Defendant, who was staying with her brother and elderly mother, M, entered M's room and pulled M's pajama bottoms down. Defendant used her finger to penetrate M's vagina. M screamed for help, and defendant's brother ran into the room and attempted to pull defendant off their mother. During the struggle, defendant lunged and scratched M's cheek and the inside of her mouth. Defendant was charged with first degree sexual penetration relating to the penetration of M's vagina and assault in the fourth degree relating to the injury to M's face.

As to the sexual penetration count, the jury received photographs depicting the injury and heard testimony from M, who recounted that penetration had occurred; from defendant's brother, who observed defendant's hand in M's crotch; and from Detective Bravo, who testified that M recounted the incident to her. As to the fourth-degree assault charge, defendant's brother testified that he observed defendant's hand "grabbing for whatever it could grab ahold of and end[ing] up inside [M's] mouth." As to the element of injury, in addition to the admission of photographs of the injury, defendant's brother testified that M told him that her mouth hurt and Deputy Kometz, the first responding officer, reported that M characterized the pain in her mouth as a three on a scale of one to 10. Detective Bravo testified that M held ice to her face, had a scratch on her cheek and had

---

[1] Although defendant opted to be tried before a jury, she put on no witnesses and her attorney made only one objection and asked fewer than 15 questions of the state's witnesses during the trial.

a piece of skin "kind of hanging down when you bite your lip." At the close of the one-day jury trial, the jury returned a guilty verdict on the sexual penetration charge by a 10-2 verdict, and on the assault charge unanimously.

On appeal, defendant contends, and the state concedes, that the trial court plainly erred in accepting a non-unanimous jury verdict on the sexual penetration count in violation of her right to a jury trial under the Sixth Amendment. *See Ramos v. Louisiana*, 590 US ___, ___, 140 S Ct 1390, 1397, 206 L Ed 2d 583 (2020). We agree and exercise our discretion to reverse that conviction for the reasons stated in *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020).

Defendant also assigns error to the trial court's failure to give a jury concurrence instruction on the assault charge, an error she concedes is unpreserved. Defendant contends that the state advanced competing theories of liability for the injury element of the assault charge, at times arguing that the injury element stemmed from the injury to the inside of M's mouth, at other times from the injury to the outside of her mouth, and at other times still from the injury to her vagina. Accordingly, defendant contends that the jury may not have agreed on the required facts—specifically the injury—constituting the crime of assault. The state responds that the closing arguments indicated that the parties understood that the injuries to M's face were the basis of the assault charge, so the court did not commit error, plain or otherwise.

Whether a trial court is required to give a particular jury instruction "is a question of law, which we review for legal error, viewing the evidence in support of the instruction in the light most favorable to [the party seeking the instruction]." *State v. Theriault*, 300 Or App 243, 250, 452 P3d 1051 (2019) (internal quotation marks omitted). Because the error here is unpreserved, we review only for plain error—that is, we may only correct (1) errors of law (2) that are apparent or obvious and (3) that appear on the face of the record. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). If those criteria are met, we must decide whether to exercise our discretion to correct the error. *Id.* at 382.

Under Article I, section 11, of the Oregon Constitution, jurors can return a verdict of guilty only if they agree on "the facts that the law (or the indictment) has made essential to a crime." *State v. Arellano-Sanchez*, 309 Or App 72, 81, 481 P3d 349 (2021) (internal quotation marks omitted). Essentially, the jurors must agree not just that defendant is guilty, but on "just what defendant did." *State v. Rolfe*, 304 Or App 461, 466, 468 P3d 503 (2020) (internal quotation marks omitted). There are two scenarios that can implicate that right: the first is when a statute defining the crime provides multiple ways that the crime can be committed, and the second is when a defendant is charged with "a single occurrence of each offense, but the evidence permit[s] the jury to find any one or more among multiple, separate occurrences of that offense involving the same victim and the same perpetrator." *State v. Slaviak*, 296 Or App 805, 810-11, 440 P3d 114 (2019) (internal quotation marks omitted). This case implicates the latter scenario: defendant was charged with a single count of assault but contends that the jury might have been confused as to which conduct constituted the crime of assault, with some jurors voting to convict based on the injury to the vagina and some voting to convict based on the injuries to the face.[2]

In order to evaluate whether the jury agreed on the essential elements of the offense, we turn to the charging instrument and elements of the crime. *See Arellano-Sanchez*, 309 Or App at 83-84. To commit fourth degree assault, defendant must "[i]ntentionally, knowingly or recklessly cause[] physical injury to another." ORS 163.160(1)(a). The crime has "three elements: (1) a culpable mental state, (2) causation, and (3) physical injury." *Theriault*, 300 Or App at 252 (internal quotation marks omitted). The element of "physical injury"—the key issue in this case—may be proved by demonstrating either "impairment of physical condition or substantial pain." ORS 161.015(7). The crime of sexual

_____

[2] Defendant also contends that the jury might have been confused as to whether the state was relying on the injury to the outside or inside of the victim's mouth. However, "[c]oncurrence instructions are necessitated when single incidents give rise to separate and distinct injuries, but not when a single incident results in a cluster of injuries." *Arellano-Sanchez*, 309 Or App at 85 (internal quotation marks omitted). Accordingly, no concurrence instruction was needed for the cluster of injuries to M's mouth caused when defendant lunged at her.

penetration, by contrast, does not require the state to prove injury. *See* ORS 163.411.

The state presented evidence and argument as to pain arising from the injury in M's mouth *and* from the injury to her vagina. The prosecutor inquired from M about her experience of pain in her mouth, which she did not remember, and the pain in her vagina, which she did remember. Deputy Kometz testified that M rated the pain in her mouth as a three on a scale of one to 10, but she was reluctant to discuss the injury to her vagina. M provided more detail to a female detective, Detective Bravo, who testified that M said her mouth "hurt a little bit," and the pain in her vagina ranked as a three on a pain scale of one to 10. The jury received photos of both injuries and heard several witnesses testify that both M's face and vagina were bleeding.

During closing argument, the prosecutor added to the risk of confusion. He initially discussed the elements of assault in the fourth degree, explaining that the injury element required "impairment of a physical condition" or "substantial pain." He then noted "what you see in photos and what you hear through the testimony of [the two officers] is that it hurt, her pain scale was on a level of a three." However, the jury received photos of both injuries and heard testimony from one officer that M described the pain from her mouth as a level three and the other officer that M described the pain from her vagina as a level three.

The prosecutor then engaged in a more detailed discussion about the pain and impairment M experienced in her mouth and argued that jurors could rely on their common sense to conclude that level of pain could impair the use of her mouth. Next, without signaling that he was switching back to the sexual penetration charge, the prosecutor discussed the pain M experienced in her vagina:

> "Keep in [mind] as well that [M] when she was talking to Detective Bravo talked about pain in her vagina as well at a level three, about two to three hours afterwards as well, there's no doubt that there was physical injury here."

As we have already observed, the crime of unlawful sexual penetration has no element of injury. There was no reason

for the prosecutor to talk about the pain M experienced in her vagina during his discussion of the assault charge, let alone in the same breath as claiming that there was no reasonable doubt as to the element of "physical injury," the key element at issue. And immediately thereafter, the prosecutor described defendant's mental state:

> "[Defendant] was fixated on one thing, and that was her mother, and that was causing her harm one way or another, whether it's a scratch to the face, a finger in the mouth, or the biggest offense here that she did with regards to her genital area."

The prosecutor's argument conflated the two separate crimes at several points and never labored to distinguish the charges.[3] Moreover, the pain arising from both injuries was characterized similarly throughout the trial, making a clear separation as to the bases of each of the charges all the more important. Because, there was "a real possibility of juror confusion with respect to the evidence" as it relates to the element of physical injury, a concurrence instruction was required. *Arellano-Sanchez*, 309 Or App at 80.

The state argues that the defendant's closing argument reflected that the parties understood the basis of the charge because it focused on the injuries to M's face when discussing the assault charge, and therefore any error was not sufficiently "obvious" to be plain. The key question, however, is not whether *defense counsel* understood the basis of the charge, but whether the *jury* understood it sufficiently such that their verdict reflected an agreement over just what defendant did. To the extent that the state is contending that no concurrence instruction was required because the confusion was alleviated by defense counsel's closing, "arguments by the parties are typically insufficient to properly charge the jury." *State v. Burris*, 301 Or App 430, 433, 456 P3d 684 (2019). And even if defense counsel's two-paragraph closing argument could substitute for a jury instruction, this argument did not. When discussing the assault charge, defense counsel mentioned the use of ice and a cut to the

---

[3] Even in opening statement, the prosecutor described the elements of the crimes in succession without clarifying that the assault charge related to the facial injury.

face (injuries appropriate to the assault charge), referred to the pain level of a three (which applied to both injuries), and pointed to the fact that no medical treatment was required (which also applied to both injuries). No one ever explained to this jury that the assault charge was based on the injury to the face as opposed to the injury to the vagina.

Having determined that the trial court committed error in failing to instruct the jury as to the elements upon which it must agree, we must evaluate whether that error was harmless—that is, whether "there is little likelihood that the error affected the verdict." *State v. Ashkins*, 357 Or 642, 660, 357 P3d 490 (2015) (internal quotation marks omitted). In answering that question, we evaluate "the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *Id*. The "failure to give a concurrence instruction is not harmless when, given the evidence and the parties' theories, jurors could have based their verdicts on different occurrences." *State v. Teagues*, 281 Or App 182, 194, 383 P3d 320 (2016).

The evidence here suggests that the jury very well may have based its verdict on different occurrences. Defendant's brother witnessed the injury to the mouth and not to the vagina. Accordingly, there was reason for some members of the jury to conclude that the offense involving the victim's vagina did not occur at all or did not constitute the crime of unlawful sexual penetration, which is reflected by the nonunanimous verdict on that count. Conversely, M testified that she remembered bleeding and pain in her vagina but did not remember the injury to her face at all. Additionally, an officer testified that she said her mouth hurt only "a little bit." Accordingly, there was also evidence to support a conclusion that the injury relating to M's vagina amounted to substantial pain or impairment and the injury to her face did not. As a result, there is a real possibility that jurors may not have agreed on just what the defendant did and returned a guilty verdict on the assault charge based on different injuries. The error was not harmless.

Having found plain error, we must determine whether to exercise our discretion to correct it. Because the failure to instruct a jury that it must agree on the factual and legal basis for its verdict "threatens to undermine the deliberative process and affect not just *what* the jury considers, but *how* it considers it," we generally exercise our discretion to correct. *Burris*, 301 Or App at 434-35 (emphasis in original) (collecting cases). We see no reason to deviate from that practice here. Given the "manifest potential" that the jury may have found defendant guilty without agreeing on facts that support a required element of the crime, we exercise our discretion to correct the error. *See State v. Sippel*, 288 Or App 391, 394, 406 P3d 207 (2017).

Reversed and remanded.