***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted January 26, affirmed April 5, petition for review denied
August 31, 2023 (371 Or 332)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DWAYNE ALLEN PARHAM,
*Defendant-Appellant.*

Lane County Circuit Court
21CR00502; A176266

Bradley A. Cascagnette, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for two counts of fourth-degree assault constituting domestic violence, ORS 163.160;[1] one count of strangulation, ORS 163.187; and two counts of menacing constituting domestic violence, ORS 163.190;[2] assigning one error and two supplemental errors. We affirm.

Defendant argues that the trial court plainly erred in failing to deliver a jury concurrence instruction because the victim testified to more incidents constituting strangulation and menacing than those charged in the indictment. *See State v. Trenary-Brown*, 311 Or App 579, 583, 489 P3d 1114 (2021) ("[J]urors can return a verdict of guilty only if they agree on the facts that the law (or the indictment) has made essential to a crime." (Citation and internal quotation marks omitted.)). Having reviewed the record, we decline to exercise our discretion because we conclude that the error, if any, was harmless. *See State v. Ashkins*, 357 Or 642, 660, 357 P3d 490 (2015) (error is harmless if there was "little likelihood that the error affected the verdict"); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court must exercise its discretion to consider or not to consider plain error). Although no formal election occurred, the indictment, which was read to the jury, and the state's opening statement and closing argument identified two specific instances of violence as the bases for the charges, while the victim's descriptions of other, uncharged acts were either too brief and vague to have confused the jury, or, as to one uncharged act of menacing, occurred about one month prior to the charged offenses. As a result, there is little likelihood that the failure to formally elect or to deliver a concurrence instruction affected the verdict. *See State v. Pauley*, 211 Or App 674, 684, 156 P3d 128 (2007), *rev den*, 345 Or 318 (2008) ("The failure to give a necessary

---

[1] ORS 163.160 has been amended since defendant committed his crimes; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

[2] ORS 163.190 has been amended since defendant committed his crimes; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

jury concurrence instruction may be rendered harmless if other circumstances indicate that the jury achieved the necessary concurrence.").

Defendant's first supplemental assignment of error argues that the trial court plainly erred by instructing the jury that to convict defendant of fourth-degree assault, it must find that he "recklessly caused physical injury" to the victim. Relying on the Supreme Court's decision in *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), defendant argues that the trial court plainly erred by failing to instruct the jury that the element of causing physical injury requires a culpable mental state. We disagree.

*Owen* addressed the crime of second-degree assault, ORS 163.175(1)(b), which requires that a defendant "knowingly causes physical injury" by means of a dangerous weapon. 369 Or at 290. That phrase had previously been construed in *State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999). The court in *Owen* accepted *Barnes*'s conclusion that "knowingly causes physical injury" contains two elements, both of which require a mental state: a "conduct" element to which "knowingly" attaches, and a "result" element to which "knowingly" does not attach. *Owen*, 369 Or at 305 (citing *Barnes*, 329 Or at 338). In so holding, both *Owen* and *Barnes* relied on the fact that the "knowing" mental state typically does not attach to "result" elements. *Owen*, 369 Or at 303; *Barnes*, 329 Or at 337.

The crime of fourth-degree assault at issue here, however, requires the mental state of "reckless," not "knowing." Unlike "knowing," the "reckless" mental state explicitly does apply to "result" elements. ORS 161.085(9) ("'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists."). And, in addition to being instructed that to convict defendant of fourth-degree assault, it must find that he "recklessly caused physical injury" to the victim, the jury was instructed that to find that defendant acted recklessly, it had to find that he "disregard[ed] a substantial and unjustifiable risk that a particular result will occur." Thus,

*Owen's* reasoning about "knowingly causes physical injury" does not demonstrate plain error in the given instruction about "recklessly causes physical injury." *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (to qualify as plain, the error must be "obvious, not reasonably in dispute").

Defendant's second supplemental assignment of error makes a similar argument with respect to the other fourth-degree assault charge, which the indictment alleged that defendant committed "knowingly." For that charge, we decline to exercise our discretion to correct any error, because the jury's verdict indicates that any error was harmless.

The jury was instructed to consider whether defendant "knowingly caused physical injury" to the victim and received a definition that "a person acts 'knowingly' or 'with knowledge' if that person acts with an awareness that his or her conduct is of a particular nature." Instructing the jury that defendant must have acted with criminal negligence as to the risk that his conduct would cause injury would not have impacted the verdict. Criminal negligence requires that defendant "fail[ed] to be aware of a substantial and unjustifiable risk" such that the "failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10).

The victim testified that defendant punched her several times in the head and torso, causing bruises and a fractured rib. Defendant denied that the incident occurred at all but acknowledged that he may have caused some, but not all, of the bruises during consensually rough sex. In convicting defendant, the jury necessarily believed the victim's version of events, that her injuries were caused by defendant punching her repeatedly with enough force to fracture a rib. In those circumstances, there is little likelihood that the jury would not have found that there was a substantial and unjustifiable risk that the victim would be injured as a result of defendant's punches. *See State v. Shedrick*, 370 Or 255, 271, 518 P3d 559 (2022) (concluding that the omission of a criminal negligence instruction with respect to the value of stolen property was harmless because there was little

likelihood that the jury would not have concluded that there was a substantial risk that "a sizeable bundle of cash" for refilling an ATM "was worth a significant amount"); *State v. Scatamacchia*, 323 Or App 31, 35, 522 P3d 26 (2022) (error was harmless because there was little likelihood that the jury would not have found that there was a substantial and unjustifiable risk that the victim would suffer serious physical injury as a result of the defendant's punches).

Affirmed.