Argued and submitted April 9, affirmed May 12, 1987

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# GARY JOE AMELL,
*Petitioner on Review.*

## (86-CR-49; CA A40138; SC S33687)

736 P2d 561

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for petitioner on review. With her on the petition was Gary D. Babcock, Public Defender for Oregon, Salem.

David Schuman, Assistant Attorney General, Salem, argued the cause for respondent on review.

GILLETTE, J.

## GILLETTE, J.

This is a criminal case in which defendant appeals his conviction for kidnapping in the second degree. The specific issue raised is whether a person who has voluntarily entered a car but who remains in the car because of a misrepresentation by defendant is a person who has been taken from one place to another "without consent" under the second degree kidnapping statute, ORS 163.225(1)(a). Defendant contends that once his hitchhiker victim had consented to enter defendant's car and be taken from one place to another, no subsequent action by defendant could turn the incident into a kidnapping. We disagree and, therefore, affirm defendant's conviction.

After watching movies at a friend's house until around 2:00 a.m. on the morning in question, 17-year-old Seth Downing began to hitchhike home. Defendant, who was driving in Downing's direction, stopped and offered Downing a ride. Downing asked whether defendant would be going as far as Savage Creek. Defendant said he would. After driving for a short distance, defendant asked Downing if Downing knew the way to Greens Creek Road. After Downing pointed in the direction of the road, defendant asked Downing if he would show him the way. The youth agreed to assist.

After defendant turned onto Greens Creek Road, Downing asked where they were going. Defendant stated that he was searching for a particular address. However, defendant admits that this was a deception, as he was not in fact looking for an address and did not know anyone who lived in the area. When they reached the end of Greens Creek Road, defendant stopped the car, offered marijuana to Downing and attempted to assault him sexually. After a struggle, Downing fled.

Downing testified at trial that he would not have gone with defendant down Greens Creek Road had he known there were no houses and that defendant's stated purpose was a misrepresentation.

After a jury trial, defendant was convicted of kidnapping in the second degree, delivery of a controlled substance to a minor, attempted sexual abuse in the first degree and harassment. Defendant appealed only the conviction of kidnapping in the second degree. The Court of Appeals affirmed from the bench. *State v. Amell,* 83 Or App 525, 732 P2d 504

(1987). We allowed review to examine the kind of evidence necessary to prove the crime of kidnapping by deception.

ORS 163.225(1)(a) states:

> "A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and *without consent* or legal authority, the person:
>
> "(a)  Takes the person from one place to another * * *."

(Emphasis added.)

ORS 163.215(1) states:

> " 'Without consent' means that the taking or confinement is accomplished by force, threat or *deception* * * *." (Emphasis added.)

When the taking of a person is accomplished by illegal force or the threat of force, it is obvious that the taking is against the person's wishes. However, where a person is induced by some fraudulent representation to accompany another, it is less certain that the taking is against the person's will.

At common law, kidnapping generally involved forcibly stealing people and shipping them into another country. 3 Blackstone, Commentary on the Laws of England, Book IV, ch 15, p 219 (1769). In the United States, the requirement of forcible restraint was expanded to include "some form of enticement or deception." Note, *From Blackstone to Innis: A Judicial Search for a Definition of Kidnapping,* 16 Suffolk U L Rev 367, 372 n 27 (1982). Oregon's original kidnap statute, enacted in 1876, reads:

> "Every person who, without lawful authority, forcibly seizes and confines another, or *inveigles* or kidnaps another, with intent either, —
>
> "1.  To cause such other person to be secretly confined or imprisoned in this state against his will; or,
>
> "2.  To cause such other person to be sent out of this state against his will, — shall be punished by imprisonment in the state penitentiary not less than one nor more than ten years."

1 Hill's Ann. Laws of Oregon, § 1746, p 904 (1887) (emphasis added).

Except for the "out of state" requirement, this statute remained essentially unchanged until the current law was

enacted as part of the Oregon Criminal Code in 1971, when "deception" was substituted for "inveigles." Although legislative history is sparse, it does not appear that any significant change in prior law was intended. Minutes, Senate Committee on Criminal Law and Procedure (February 23, 1971).

"Inveiglement" has a long heritage in Oregon and elsewhere. The term is still used in the federal statute which provides penalties for "[w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person * * *." 18 USC § 1201(a) (Supp II 1985). In 1890, Judge Deady construed the term "inveigles" as it was used in the former Oregon statute in the following way:

> "To inveigle a person * * * is to seduce them, to entice them, not by force, but by some art, some device, some representation which is essentially false, and calculated to secure action on the part of the person sought to be inveigled; to secure his acquiescence in the purpose of the mover, so that he may become within the control of some person or persons, with intent that he be sent out of the state; and the device, the art, the seduction, the inveiglement, must be, I suppose, adequate to that end. It is not necessary that force be used. Using force is a distinct case, and, where no force is necessary to be used, the party goes apparently with his will, but on a false impression of where or why he is so going. It stands to reason that the party who acts upon a false representation, upon a device or trick, which misleads him, though apparently acting with his own free will, is, within the meaning of this statute, acting against his will * * *." *In re Kelly,* 46 F 653, 655 (CCD Or 1890).

From the foregoing, we conclude that "inveiglement," in kidnapping law, was similar to "deceit" or "misrepresentation" in tort law, which consists of a "false representation * * * [which] induces another to his injury * * * to do an act in reliance upon such representations * * *." *Sharkey v. Burlingame Co.,* 131 Or 185, 191, 282 P 546 (1929).

■ We hold that "deception," as used in ORS 163.215(1), has the same meaning, *viz.,* a representation by statement, action, implication or omission which is known to be false by the person who makes it, and which is intended to and does induce the victim to allow himself or herself to be taken from one place to another, or to be confined.

■ Under ORS 163.225(1)(a), therefore, in order to convict a defendant of kidnapping by deception, the prosecution must prove the following elements beyond a reasonable doubt: (1) defendant intended to interfere substantially with another's personal liberty; (2) defendant made a misrepresentation calculated to induce reliance by the victim in order to accomplish the interference; and (3) the victim relied upon the misrepresentation in choosing to accompany defendant from one place to another.

■ Applying this definition to the facts, the kidnapping in this case began at the moment defendant told Downing that he intended to take him to Savage Creek by way of a detour to look for an address on Greens Creek Road, knowing that he had no such intention, and that false representation induced Downing to stay in the car. This moment certainly occurred, at the latest, when defendant turned up Greens Creek Road. Ample and uncontradicted evidence supports the jury's conclusion that defendant accomplished the "taking from one place to another" by deception as to both place and purpose.

The decision of the Court of Appeals and the judgment of the trial court are affirmed.