## STATE OF OREGON,
*Respondent,*

*v.*

## DALE RICHARD RANDANT,
*Appellant.*

### CR98052; A111296

103 P3d 1134

Dale Richard Randant *pro se* and Eric M. Cumfer, Senior Deputy Public Defender, Office of Public Defense Services, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Assistant Attorney General, for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Leeson, Judge pro tempore.

WOLLHEIM, J.

## WOLLHEIM, J.

■ Both defendant and the state petition this court to reconsider our decision in *State v. Randant*, 192 Or App 668, 87 P3d 688 (2004). We grant both parties' petitions for reconsideration and adhere to our former opinion as clarified. In *Randant*, we vacated several convictions, remanded for merger of the convictions on resentencing, and otherwise affirmed. *Id.* at 669. Defendant makes three arguments. We address only one because the remaining two arguments were not previously raised. We are not obliged to consider a new issue raised for the first time on reconsideration. *Kinross Copper Corp. v. State of Oregon*, 163 Or App 357, 360, *rev den*, 330 Or 71 (2000). The state argues only that our opinion was too broad and that we should have modified the judgment instead of remanding the case for resentencing.

■ Defendant was convicted of two counts of aggravated murder based on the underlying crimes of kidnapping in the first and second degrees, ORS 163.095; one count of murder, ORS 163.115; one count of kidnapping in the first degree, ORS 163.235; one count of kidnapping in the second degree, ORS 163.225; and one count of being a felon in possession of a firearm, ORS 166.270. At trial on the aggravated murder counts based on kidnapping, the court instructed the jury that, to find defendant guilty of aggravated murder, it must find that defendant "in the course of and in furtherance of the crime of kidnapping * * * personally and intentionally caused the death of [the victim]."[1] The trial court further instructed the jury that it could find that defendant committed the crime of kidnapping if, "acting without consent or legal authority, A, either took [the victim] from one place to another, or B, secretly confined [the victim] in a place where

---

[1] The instruction was the same as to both the aggravated murder charge based on kidnapping in the first degree and the one based on kidnapping in the second degree. The only difference between the two offenses is that kidnapping in the first degree requires that defendant also have acted with the purpose of causing physical injury to the victim. *See* ORS 163.235(1)(c). That element of the crime is not at issue here. Accordingly, the charges against defendant based on kidnapping in the first and second degree will be referred to collectively as "kidnapping."

victim was not likely to be found." *See* ORS 163.225.[2] The first theory, that defendant took the victim from one place to another, was based on evidence that defendant deceived the victim into getting into the car with him and took the victim to the site where the murder occurred. The second theory, that defendant secretly confined the victim where he was not likely to be found, was based on evidence that defendant dragged and hid the victim in heavy brush after he shot him and before the victim died. As to the separate counts of kidnapping, the jury was instructed only that it could find defendant guilty on the first theory; it was not instructed on the second theory.

Defendant argues that the jury instructions for the aggravated murder convictions did not ensure jury unanimity as required by *State v. Boots*, 308 Or 371, 780 P2d 725 (1989). In *Boots*, the trial court gave a single jury instruction for aggravated murder based on two separate subsections of the aggravated murder statute. The trial court instructed the jury that it could find the defendant guilty of aggravated murder based on either subsection—that the defendant committed the murder in the course of and in furtherance of the robbery or that he committed the murder to conceal the identity of the perpetrators of the robbery. The trial court further instructed the jury that it need not agree on which subsection the defendant's guilt was based, as long as all jurors agreed that the defendant had ultimately committed aggravated murder. *Id.* at 374-75. The Supreme Court held that that instruction was erroneous because it "relieve[d] the jury from seriously confronting the question whether they agree that any factual requirement of aggravated murder has been proved beyond a reasonable doubt, so long as each juror is willing to pick one theory or another." *Id.* at 375.

---

[2] ORS 163.225 provides, in part:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a) Takes the person from one place to another; or

"(b) Secretly confines the person in a place where the person is not likely to be found."

ORS 163.235, the provision defining kidnapping in the first degree, incorporates those definitions by reference.

We agree with defendant that the jury instructions given at his trial on the aggravated murder charges did not ensure jury unanimity. *See, e.g.*, *State v. Lotches*, 331 Or 455, 470-71, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001) (jury instruction on aggravated murder charge that did not clarify the underlying felony failed to ensure jury unanimity). The jury could have convicted defendant of aggravated murder based on either theory without coming to a unanimous agreement on either one. It is possible that some jurors may have agreed that defendant committed aggravated murder based only on the first theory, while others may have agreed that defendant committed aggravated murder based only on the second theory. Therefore, it is possible that defendant was convicted of aggravated murder without the sufficient number of juror votes.[3]

 It is undisputed that defendant did not challenge the jury instructions at trial. However, defendant argues that, under *Lotches*, we should consider the jury instructions as "error apparent on the face of the record." We need not reach the question of whether the error is apparent on the face of the record or whether we should exercise our discretion, because we conclude that the error in the jury instructions was harmless. *See Lotches*, 331 Or at 471 (*Boots* error was harmless because of unanimous conviction on separate count that provided one of the bases for aggravated murder conviction).

Defendant was charged with separate counts of kidnapping apart from the aggravated murder charges. In those separate kidnapping charges, the trial court instructed the jury only on the first theory—whether "[defendant] acting without consent or legal authority took [the victim] from one place to another" with the "intent to interfere substantially with [the victim's] personal liberty." The jury was not instructed on the second theory—whether defendant "secretly confined [the victim] in a place where [the victim] was not likely to be found." The jury returned unanimous verdicts on both of the separate kidnapping charges. Because the first theory provides one of the bases for the aggravated

---

[3] ORS 136.450(2) requires the "concurrence of 11 of 12 jurors" in order for the jury to return a guilty verdict for murder or aggravated murder.

murder convictions, the convictions on the separate kidnap-
ping charges demonstrate that the jury unanimously agreed
that the first theory provided the basis for both aggravated
murder convictions. It is immaterial whether the jury also
considered the second theory, because it unanimously had
agreed on the facts required by one of the two subsections.
Thus, there was "little likelihood that the error affected the
jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111
(2003).[4]

We next consider the state's petition for reconsider-
ation. The state argues that our original decision remanding
the case for resentencing was too broad and that we should
only have modified the judgment. Our reason for remanding
the case for resentencing was that the trial court erred in not
merging defendant's conviction for aggravated murder based
on second-degree kidnapping and in not merging his convic-
tions for first- and second-degree kidnapping into his convic-
tion for aggravated murder based on first-degree kidnapping,
because all counts "involved the same victim and the same
factual circumstances." The trial court entered separate con-
victions for all counts and merged the crimes only for pur-
poses of sentencing. Defendant was also sentenced on one
count of being a felon in possession of a firearm that did not
merge with the other convictions. *Randant*, 192 Or App at
669. The state argues that, because the actual sentence that
petitioner received was not affected by the error, we should
modify the judgment only to reflect the single conviction for
aggravated murder instead of remanding the entire case for
resentencing.

ORS 138.222(5) requires us to remand for resentenc-
ing if we determine that the trial court "committed an error
that requires resentencing." We have previously held that
an error in merging a defendant's convictions is "an error
that requires resentencing" within the meaning of ORS
138.222(5) because we cannot speculate on how the failure to
merge the convictions "affected the *actual sentences* that the

---

[4] Defendant also argues that the error in the jury instructions violates his right
to due process under the Fourteenth Amendment to the United States Constitu-
tion. We decline to address those arguments as well because we conclude that any
error was harmless beyond a reasonable doubt.

court imposed on [a] defendant's remaining convictions." *State v. Rodvelt*, 187 Or App 128, 136, 66 P3d 577, *rev den*, 336 Or 17 (2003) (emphasis in original); *see also State v. Sanders*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004) (remanding entire case for resentencing in light of the trial court's failure to merge convictions). Therefore, we adhere to our former opinion remanding the case for resentencing.

Reconsideration allowed; former opinion clarified and adhered to as clarified.