468 March 5, 2025 No. 190

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DALE RICHARD RANDANT,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
08026402P; A174595

Erin K. Landis, Judge.

Submitted March 18, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Dale Randant filed the supplemental briefs *pro se*.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief, which raised claims that his trial counsel provided inadequate and ineffective assistance of counsel. On appeal, he raises eleven assignments of error and five *pro se* assignments of error.[1] For the reasons below, we affirm.

We restate the relevant procedural facts from the Supreme Court's opinion in *State v. Randant*, 341 Or 64, 136 P3d 1113 (2006), *cert den*, 549 US 1227 (2007).

In 1997, the state alleged that petitioner had kidnapped and murdered his employer. *Id.* at 66.

> "[Employers] suspected that [petitioner] had been taking money from their business. One day, [petitioner] and [the victim] left the business together. Only [petitioner] returned. Eight days later, the police found [the victim's] body on Parrett Mountain. He had been shot, and his body had been hidden several feet off the road in some underbrush."

*Id.* After his arrest, petitioner made incriminating statements and police located incriminating evidence in petitioner's girlfriend's minivan. *Id.* at 67-68. "[Petitioner] filed a pretrial motion to suppress the statements that he had made to [police]. The trial court denied the motion." *Id.* at 69.

Petitioner was tried in 2000. "The jury found [petitioner] guilty of multiple counts of aggravated murder, murder, kidnapping, and being a felon in possession of a firearm. At sentencing, the jury declined to impose the death penalty but found that [petitioner] should serve a life sentence without the possibility of parole." *Id.* at 69-70. On appeal, we "accepted the state's concession that the trial court

---

[1] In his supplemental *pro se* brief, petitioner requests that we review all of the claims presented in his post-conviction petition. We decline to do so. ORAP 5.92(2) requires a supplemental *pro se* brief to "identify questions or issues to be decided on appeal as assignments of error identifying precisely the legal, procedural, factual, or other ruling that is being challenged." Apart from the issues specifically assigned as error, petitioner has not done so, and we will not make his argument for him. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

had erred in failing to merge some of the convictions and remanded the case for the trial court to enter a corrected sentence" and otherwise affirmed. *Id.* at 70.

Thereafter, petitioner pursued post-conviction relief, claiming that he received constitutionally inadequate and ineffective representation under both the state and federal constitutions. The post-conviction court denied relief on all of petitioner's claims. This appeal followed.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.*

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude." (Internal quotation marks and brackets omitted.)). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

*Jury concurrence instruction.* Petitioner's first and second assignments of error in both his opening brief and supplemental *pro se* brief challenge the post-conviction court's denial of his claims that counsel provided inadequate and ineffective assistance by failing to "instruct the jury that, in order to convict [petitioner] of kidnapping, the requisite number of jurors must agree on the same factual

occurrence" and by failing to request a concurrence instruction on kidnapping.

In his opening brief, petitioner also argues that "trial counsel was ineffective for failing to request and failing to object to the lack of a jury concurrence instruction regarding the element of taking the victim from one place to another." He further argues that counsel's failure to do so prejudiced him.

"In reviewing the adequacy of trial counsel's representation, a post-conviction court must consider the lawyer's perspective at the time, without the benefit of hindsight." *Antoine v. Taylor*, 303 Or App 485, 493, 465 P3d 238 (2020), *aff'd*, 368 Or 760, 499 P3d 48 (2021) (internal quotation marks omitted). The law at the time of petitioner's trial did not require the trial court to give a concurrence instruction for the state's alternative theories. *See State v. Ashkins*, 357 Or 642, 653, 357 P3d 490 (2015) ("[N]one of this court's previous decisions, including [*State v. Sparks*, 336 Or 298, 83 P3d 304, *cert den*, 543 US 893 (2004)], involved the precise situation at issue here, to which we now turn."). Indeed, the Supreme Court did not address the question of concurrence instructions when the indictment "charged a single occurrence of each offense, but the evidence permitted the jury to find any one or more among multiple, separate occurrences of that offense involving the same victim and the same perpetrator" for several years. *Id.* at 659.

Rather, at the time of petitioner's trial, *State v. Houston*, 147 Or App 285, 935 P2d 1242 (1997), provided the controlling case law. *Houston* gleaned from case law "the general rule that juries must agree on the factual occurrences that constitute the statutorily defined elements of the crime at issue, even though they need not agree on the evidentiary bases for their decisions as to those elements." *Id*. at 292. We explained that *Houston* "[was] not a case like [*State v. King*, 316 Or 437, 852 P2d 190 (1993)] or [*State v. White*, 115 Or App 104, 838 P2d 605 (1992)], in which the state merely offered alternative evidence of a single factual occurrence." *Id*. "Instead, *** the jury was allowed to base its verdict on alternative factual occurrences, each of which itself would be a separate crime." *Id*. Thus, the post-conviction court did

not err when it determined that petitioner "failed to demonstrate that trial counsel was ineffective" because "[a]t the time of petitioner's trial, the case law did not clearly require a concurrence instruction." *Id.*

In his supplemental *pro se* brief, petitioner further argues that the post-conviction court erred when it denied relief on his claim that trial counsel was inadequate and ineffective for failing to request an instruction because the jury was "required *** to agree whether the kidnapping was accomplished by 'deception' *** [or] 'simple asportation.'" The post-conviction court found that petitioner had advanced that argument on direct appeal and that, even though we determined that the trial court erred by failing to give that instruction, we concluded that the error was harmless. *See State v. Randant*, 196 Or App 601, 604-06, 103 P3d 1134 (2004), *aff'd*, 341 Or 64, 136 P3d 1113 (2006), *cert den*, 549 US 1227 (2007). That was so, we explained, because the jury was instructed on only one theory of the kidnapping. *Id.* at 604 ("The first theory, that [petitioner] took the victim from one place to another, was based on evidence that defendant deceived the victim into getting into the car with him and took the victim to the site where the murder occurred."). Thus, we concluded that the unanimous verdicts "demonstrate[d] that the jury unanimously agreed that the first theory provided the basis for both aggravated murder convictions." *Id.* at 606. Because the error was harmless, petitioner cannot prove he was prejudiced by counsel's failure to request such an instruction. The post-conviction court did not err in denying relief on petitioner's claims.

*Motion to suppress.* In his third through seventh assignments of error, petitioner argues that the post-conviction court erred when it denied relief on his claims that counsel was ineffective because he "failed to adequately litigate, and/or move to suppress evidence seized as a result of the illegal seizure of petitioner's minivan" and subsequent searches of that minivan. On appeal, petitioner argues that counsel should have "present[ed] a meritorious theory of suppression, specifically that the minivan had already been unlawfully seized by the time [petitioner's girlfriend] consented." We have reviewed the record and conclude that it

supports the post-conviction court's finding that trial counsel "did file a motion to suppress and adequately litigated the issues." Therefore, the post-conviction court did not err when it denied relief on those claims.

*The prosecutor's reference to the victim's death as "murder."* In his eighth and ninth assignments of error, petitioner argues that the post-conviction court erred when it denied relief on his claims that counsel was ineffective for failing "to adequately object to, and/or ask for a curative instruction, and/or move for a mistrial" and when the prosecutor referred to the victim's death as a "murder."

We do not need to decide whether counsel's representation fell below constitutional standards because petitioner did not establish any prejudice. Petitioner points to no authority that existed at the time of his trial that expressly prohibited the prosecutor from referring to the death as a "murder." We agree with the post-conviction court that petitioner's reliance on *State v. Bouse*, 199 Or 676, 264 P2d 800 (1953), is misplaced, given the facts of this case. In *Bouse*, the defense pursued a theory that the decedent died from suicide and we concluded that the prosecutor's use of the term "murder" significantly and impermissibly undermined that theory. *Id.* at 687, 705. In contrast, in this case, petitioner admitted that he shot the victim, although he claimed the homicide was accidental. Moreover, the *Bouse* record "reek[ed] with improper, leading, and prejudicial questions." *Id.* at 705.

Here, as the post-conviction court found, "the prosecution was allowed to ask improper questions without objection twenty-seven times." However, the court explained that the improper questions "must be considered in the context of the entire transcript that totals 7,207 pages." Moreover, the court found that the trial court "properly" instructed the jury "on the prosecution's burden of proof on multiple occasions." Because petitioner did not establish any "resulting prejudice," *Trujillo*, 312 Or at 436, or "that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 US at 694, the post-conviction court did not err when it denied relief on petitioner's claim.

*Credibility of other witnesses.* In his tenth assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that trial counsel was inadequate and ineffective for failing to object when "the prosecutor question[ed] petitioner about the credibility of other witnesses." Specifically, petitioner contends that counsel should have objected when the prosecutor asked if other witnesses had lied when they gave testimony that conflicted with petitioner's testimony. Those questions were impermissible. *State v. Abbott*, 274 Or App 778, 789, 362 P3d 1171 (2015), *rev den*, 358 Or 794 (2016) ("[T]he trial court erred when it allowed the prosecutor to ask defendant, on cross-examination, whether the police officers and other state's witnesses had lied."). Thus, constitutionally adequate and effective counsel would have objected to the questions.

However, petitioner did not establish that he "suffered prejudice" as a result of counsel's "fail[ure] to exercise reasonable professional skill and judgment," *Trujillo*, 312 Or at 435, or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 US at 694. Like in *Abbott*, "the harm often associated with 'true vouching' inquiries is absent" because the questions did not "create a risk that the jury would abandon its role in determining those other witnesses' credibility." 274 Or App at 790. Rather, the prosecutor's questions in this case were intended to undermine petitioner's credibility. Moreover, as in *Abbott*, "the jury had to have been aware of the dramatic inconsistencies between defendant's story and the other witnesses' testimony," so the questions "did no more than emphasize what already must have been clear to the jurors: that they had been presented with incompatible versions of what happened." *Id*. The post-conviction court did not err in determining that petitioner failed to prove prejudice, and in denying petitioner's claim for relief.

*The state's closing argument.* In his eleventh assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that trial counsel was inadequate and ineffective for failing to object to the state's closing argument. Specifically, petitioner contends

that the prosecutor gave "his personal opinion of witnesses' credibility"—by referring to a witness's testimony as "truthful"—and his personal opinion about petitioner by referring to him as "a liar."

We need not decide whether counsel should have objected when the prosecutor called the witness "truthful" because petitioner cannot establish any prejudice. Immediately before stating that the witness was "truthful," the prosecutor stated that the jury was required to "evaluate the witnesses' testimony." Immediately following that statement, the prosecutor stated that the witness's testimony was consistent with the facts. Thus, when viewed in the context of the state's entire closing argument, counsel's failure to object to the use of the word "truthful" did not have "a tendency to affect the result," *Trujillo*, 312 Or at 435, nor does the record demonstrate a "reasonable probability" of a different outcome, had counsel objected. *Strickland*, 466 US at 694.

In addition, the post-conviction court found that the prosecutor "did not engage in vouching when she stated the petitioner was lying" because she "was entitled to make such arguments where the petitioner's statements and testimony were inconsistent and conflicted with the testimony of other witnesses." The record supports the trial court's finding that the prosecutor's statements were based on the evidence in the record and not on the prosecutor's personal opinion. As a consequence, those statements were not "true vouching." *See Abbott*, 274 Or App at 788 (characterizing "true vouching as one witness's testimony that he or she believes that another witness is or is not credible, which a party offers to bolster or undermine the veracity of that other witness" (internal quotation marks omitted)). Because "it is permissible for a prosecutor to argue that the jury should infer that a witness is credible based on the evidence in the record, so long as the prosecutor does not vouch for the witness by interjecting his or her personal opinion of the witness's credibility," the prosecutor was permitted to make those arguments. *Heroff v. Coursey*, 280 Or App 177, 194, 380 P3d 1032 (2016), *rev den*, 360 Or 851 (2017). And, because the arguments were based on the evidence before the jury, counsel's failure to object

was not a failure of "reasonable professional skill and judgment," *Trujillo*, 312 Or at 435, nor did counsel's performance fall "below an objective standard" of reasonable representation. *Strickland*, 466 US at 687-88. The post-conviction court did not err when it denied relief on petitioner's claim.

We now address petitioner's remaining *pro se* assignments of error.

*Motion for judgment of acquittal.* In his third *pro se* assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that counsel was ineffective for not filing a motion for judgment of acquittal (MJOA) on "the aggravated murder charges, where kidnapping is an element of those crimes," and on the kidnapping charges because the kidnapping "was merely incidental to the accomplishment of murder." The law at the time of trial does not support petitioner's arguments. Notably, the Supreme Court had explained that "there may be a separate conviction and sentence for kidnapping only when it is not incidental to another crime, and it may be found not to be incidental if the defendant had the intent to interfere substantially with the victim's personal liberty." *State v. Garcia*, 288 Or 413, 423, 605 P2d 671 (1980).

Petitioner further argues that evidence that he had moved the victim "10-15 feet" was legally insufficient to establish that he "intended to interfere substantially with the victim's personal liberty" under ORS 163.225. However, the *Garcia* court did not announce a minimum distance that a defendant must move a victim to support a kidnapping conviction. *See id.* Moreover, in *State v. Thomas*, 139 Or App 308, 310-11, 911 P2d 1237, *rev den*, 323 Or 483 (1996), we affirmed a kidnapping conviction when the defendant moved the victim about "10 to 12 feet." Finally, although petitioner relies on *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005), that case does not assist petitioner because it was decided after petitioner's trial.

We conclude that the record supports the trial court's finding that "the kidnapping could form the predicate offense because there was enough evidence for a jury to conclude that the kidnapping and homicide were part and

parcel of an overall scheme." As a consequence, that finding is binding on appeal. *See Green*, 357 Or at 312. Given the law at the time of petitioner's trial, trial counsel's failure to file an MJOA on the basis that petitioner alleged did not constitute lack of "reasonable professional skill and judgment," *Trujillo*, 312 Or at 435, nor did it establish that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 US at 688. The post-conviction court did not err in denying relief on petitioner's claim.

*Bank records.* In his fourth and fifth *pro se* assignments of error, petitioner argues that the post-conviction court erred when it denied relief on his claims that counsel was ineffective for failing to file a motion to suppress bank records and for failing to object to their admission. Petitioner argues that the state unlawfully obtained the bank records because the state failed to serve him with the subpoena or comply with several statutory requirements. Petitioner further argues that the affidavit in support of the court order to obtain the bank records was based on evidence obtained from the defective grand jury subpoena. As a consequence, petitioner argues that trial counsel should have moved to suppress the records and argued against their admission, and that counsel's failure to do so prejudiced him.

ORS 192.596(2) requires that a party serve a subpoena "upon the customer" of the financial institution. "'Customer' means any person *** who *** is using or has used the services of [a financial institution]." ORS 192.583(1). Here, the post-conviction court found that "the sole proprietor listed on the account" was "another individual." That finding of fact is supported by the record and binding on appeal. *See Green*, 357 Or at 312. Because the state had no legal obligation to serve a person who was not "the customer" of the bank account within the meaning of ORS 192.583(1), the state was not required to serve petitioner with the subpoena. *See* ORS 192.596(2).

Further, the post-conviction found that the prosecutor issued a second subpoena with a waiver of service and that "the records were subsequently obtained pursuant to a proper subpoena." Those facts are supported by the record and binding on appeal. *See Green*, 357 Or at 312. Thus, even

if the initial subpoena was invalid, the second subpoena provided a lawful basis to obtain the evidence. *See Vaughan v. Taylor*, 79 Or App 359, 364, 718 P2d 1387, *rev den*, 301 Or 445 (1986) ("The problems were matters of form only, and [the defendant] could have cured them by issuing a new and proper subpoena, with appropriate notice, if the bank had moved to quash the first one."). Accordingly, petitioner's arguments do not persuade us that, at the time of petitioner's trial, counsel failed to raise a valid basis to suppress or exclude the evidence. Therefore, trial counsel was not ineffective for failing to file a motion that would have been unsuccessful. *Davis v. Kelly*, 303 Or App 253, 267, 461 P3d 1043, *rev den*, 366 Or 826 (2020) ("Neither the state nor federal constitution requires counsel to advance a futile objection."). Because trial counsel's representation was neither the result of a failure "to exercise reasonable professional skill and judgment," *Trujillo*, 312 Or at 435, nor did it fall "below an objective standard of reasonableness," *Strickland*, 466 US at 688, the post-conviction court did not err in denying relief on these claims.

Affirmed.