No. 698 July 30, 2025 353

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DALE RICHARD RANDANT,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
08026402P; A174595

Erin K. Landis, Judge.

On appellant's petition for reconsideration filed June 24, 2025, and respondent's response filed June 26, 2025.

Dale Richard Randant for petition, *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, for response.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**HELLMAN, J.**

Petitioner seeks reconsideration of our opinion in this case, *Randant v. Cain*, 338 Or App 468 (2025) (nonprecedential memorandum opinion). We reject all of petitioner's arguments, save one. Petitioner argues that we made a factual error in describing the post-conviction court's ruling on one of his *pro se* claims. Specifically, petitioner challenges the portion of the opinion in which we refer to the post-conviction court's ruling that petitioner's claim regarding jury concurrence instructions was previously presented and rejected on appeal. Respondent agrees with petitioner that our quote from the post-conviction court's opinion incorrectly referred to a separate claim that was not included in petitioner's *pro se* brief.

Having reviewed the record, we conclude that petitioner's point is well-taken, and we allow his petition for reconsideration. Accordingly, the following paragraph at page 472 of the opinion is removed:

In his supplemental *pro se* brief, petitioner further argues that the post-conviction court erred when it denied relief on his claim that trial counsel was inadequate and ineffective for failing to request an instruction because the jury was "required *** to agree whether the kidnapping was accomplished by 'deception' *** [or] 'simple asportation.'" The post-conviction court found that petitioner had advanced that argument on direct appeal and that, even though we determined that the trial court erred by failing to give that instruction, we concluded that the error was harmless. *See State v. Randant*, 196 Or App 601, 604-06, 103 P3d 1134 (2004), *aff'd*, 341 Or 64, 136 P3d 1113 (2006), *cert den*, 549 US 1227 (2007). That was so, we explained, because the jury was instructed on only one theory of the kidnapping. *Id*. at 604 ("The first theory, that [petitioner] took the victim from one place to another, was based on evidence that defendant deceived the victim into getting into the car with him and took the victim to the site where the murder occurred."). Thus, we concluded that the unanimous verdicts "demonstrate[d] that the jury unanimously agreed that the first theory provided the basis for both aggravated murder convictions." *Id*. at 606. Because the error

was harmless, petitioner cannot prove he was prejudiced by counsel's failure to request such an instruction. The post-conviction court did not err in denying relief on petitioner's claims.

The above paragraph is replaced with the following two paragraphs:

In his supplemental *pro se* brief, petitioner further argues that the post-conviction court erred when it denied relief on his claim that trial counsel was inadequate and ineffective for failing to request an instruction that would require the jury to agree whether the kidnapping was committed by deception as opposed to another means of establishing that the victim was taken without consent. The post-conviction court denied relief, holding that trial counsel was neither inadequate nor ineffective when he did not request instructions that required "the jury to concur whether the kidnapping used force, threat or deception." The court further explained that the state had to prove only that the "victim was taken without consent," but that the jury "was not required to concur on the factual ways by which the element was established." In support, the post-conviction court cited *State v. Pipkin*, 354 Or 513, 515, 316 P3d 255 (2013), and *State v. Sparks*, 336 Or 298, 317, 83 P3d 304 (2004).

Although the Supreme Court's opinion in *State v. Amell*, 303 Or 355, 360, 736 P2d 561 (1987), used the phrase "kidnapping by deception," that opinion did not establish kidnapping by deception as a separate and distinct crime. Nor did it impose a requirement that the jury must concur on the factual way that a defendant "takes" a victim "without consent." Instead, as the post-conviction court correctly determined, "force, threat, and deception" are simply alternative methods by which a defendant can commit kidnapping by asportation. *See* ORS 163.225(1)(a) (establishing that "[a] person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and *without consent* or legal authority, the person *** [t]akes the person from one place to another" (emphasis added)); ORS 163.215 (establishing that "'[w]ithout consent' means that the taking or confinement is accomplished by force, threat or deception"). And the law does not

require the jury to concur on the factual way in which the state established an element of the crime. *State v. Sullivan*, 253 Or App 103, 106, 288 P3d 1004 (2012), *rev den*, 354 Or 814, 355 Or 751 (2014) (holding that a concurrence instruction is not needed if "the state merely presented alternative evidence to establish a single element of the offense"); *see also Pipkin*, 354 Or at 515 (affirming the trial court's refusal to provide a concurrence instruction where the state offered alternative theories of proving unlawful presence in a dwelling). As a result, trial counsel was not ineffective for failing to request a concurrence instruction on the factual way that petitioner took the victim "without consent," and the post-conviction court did not err when it denied relief on petitioner's claim.

Reconsideration allowed; former opinion modified and adhered to as modified.