No. 1079 December 17, 2025 645

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMIAH CHRISTIAN THOMPSON,
*Defendant-Appellant.*

Marion County Circuit Court
19CR22181; A177132

Donald D. Abar, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Jeremiah Christian Thompson filed the supplemental brief *pro se*.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for kidnapping in the first degree, ORS 163.235, and sexual abuse in the first degree, ORS 163.427, assigning error to the trial court's denial of his motion for judgment of acquittal for first-degree kidnapping. Defendant contends that the evidence was legally insufficient to prove that he took the five-year-old victim from one place to another within the meaning of ORS 163.225 absent evidence of the use or threatened use of physical force, and, in the alternative, that the evidence was legally insufficient to prove his intent to substantially interfere with the victim's liberty. We affirm.

In reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether a rational factfinder could have found that the essential elements of the crime were proven beyond a reasonable doubt. *State v. Anderson*, 374 Or 326, 329, 577 P3d 746 (2025). We describe the underlying facts consistently with that standard.

One morning, R, aged five, was drawing with two neighborhood girls, aged eight and 10, outside on the steps of the apartment complex where she lived with her mother. Defendant, who did not live in the apartment complex, backed his car into a partially fenced area near the complex's dumpsters, which were located across the parking lot, approximately 90 feet away from the stairs. He had his trunk open, and there were items strewn around the car. Although defendant was a stranger to R, she approached defendant and gave him a drawing, and the two of them came back to the stairwell area. Defendant told R that he wanted her to come with him to the car, explaining that he had toys for her. He also told her that he was going to teach her how to drive. R went with defendant. Her friends followed and stood nearby as defendant showed R some toys in his trunk. Defendant told R to go to the backseat of the car with him, which she did. Eventually, defendant made R sit and then lay on top of him, and he reached under her clothes and touched her vagina. Her friends could not see what was happening inside the car. One of her friends then went back to the apartments to get her father, who came out and called

to R. After he called out a few times, R came out of the car and was taken home. Defendant left the area.

On appeal, defendant contends that his motion for judgment of acquittal should have been granted because the evidence was legally insufficient to prove that he "took" R from one place to another within the meaning of the statute absent evidence of the use or threatened use of physical force, and, in the alternative, that the evidence was legally insufficient to prove his intent to substantially interfere with R's liberty. We address each argument in turn.

Defendant's first argument turns on the interpretation of the kidnapping statute, and we begin with a brief overview of the statutory framework. Defendant was convicted of kidnapping in the first degree under ORS 163.235(1), which elevates second-degree kidnapping to the first-degree crime if a person violates ORS 163.225 with certain "purposes," including furthering the commission or attempted commission of other specified crimes. Here, defendant disputes whether two elements of the second-degree crime were satisfied. He does not dispute that, if the state's proof of the second-degree crime was legally sufficient, then the proof of the first-degree crime also was sufficient. Accordingly, the relevant statute for present purposes is ORS 163.225(1), which provides, in part:

> "A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:
>
> "(a)   Takes the person from one place to another; or
>
> "(b)   Secretly confines the person in a place where the person is not likely to be found."

The statute provides two ways second-degree kidnapping may be committed: by "asportation"—taking a person from one place to another—or by confinement. *Anderson,* 374 Or at 334; *State v. Guerrero*, 331 Or App 384, 387, 545 P3d 1287 (2024).

Defendant was charged and convicted on an asportation theory of kidnapping, ORS 163.225(1)(a).[1] He now

_____

[1] Defendant was initially charged on a confinement theory as well, but the state moved to dismiss those charges before trial.

contends that the term "takes" in ORS 163.225(1)(a) means that the state must prove that he used or threatened to use physical force to cause R to move from one place to another. That argument presents a question of statutory interpretation, and we apply our usual statutory construction methodology as described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), considering, first, the text of the statute, in context, and any useful legislative history. The "text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

Here, we begin—and end—with the text of the relevant statutes. The conduct element of kidnapping by asportation is met when a person "without consent or legal authority, *** takes the person from one place to another." ORS 163.225(1). The statutory term "without consent" is defined in ORS 163.215. That definition is couched in terms of how the asportation is accomplished: "'[w]ithout consent' means that the taking *** is accomplished by force, threat, or deception, or, in the case of a person under 16 years of age *** that the taking *** is accomplished without the consent of the lawful custodian of the person." ORS 163.215(1). Although "takes" is not independently defined, the definition of "without consent" recognizes that, as that term is used in ORS 163.225(1)(a), a person may "take[]" someone from one place to another without using or threatening the use of force. Rather, the prohibited asportation may be accomplished in other ways: it may be accomplished by deception, *see State v. Amell*, 303 Or 355, 736 P2d 561 (1987), or, if the victim is under 16 years of age, it may be accomplished by causing the person to move without the consent of the child's lawful custodian. We, therefore, reject defendant's argument that, given its ordinary meaning, the legislature's use of the term "takes" demonstrates its intent to require that defendant physically seize control of the victim, because it would render superfluous the statutory definition of "without consent" for the purposes of kidnapping by asportation. *See Friends of Yamhill County v. Yamhill County*, 229 Or App 188, 193, 211 P3d 297 (2009) (noting the general rule that

we assume that the legislature did not intend any portion of a statute to be meaningless surplusage); ORS 174.010.[2]

With that understanding in mind, the evidentiary record readily permits a rational factfinder to find that defendant did not have the consent of R's lawful custodian to take her from the stairwell to his car. R's mother testified that she did not give defendant permission to take R into his car, and other witnesses who lived at the apartment complex and who knew R and her mother testified that defendant was a stranger. And the evidence permits an additional finding that defendant took R "from one place to another" in a manner that "serve[d] to increase [R's] isolation or restrict her freedom of movement." *Anderson*, 374 Or at 341; *accord State v. Soto*, 372 Or 561, 575, 551 P3d 893 (2024) (concluding that a factfinder could find that the defendant took the victim from one place to another within the meaning of the statute by "moving her to a place that increased her isolation, reduced her ability to escape, and reduced the likelihood that she would be seen or heard by others nearby"). Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal based on his argument that there was no evidence of the use or threatened use of physical force when he took R from one place to another.

Defendant argues, in the alternative, that his motion for judgment of acquittal should have been granted because no rational factfinder could find that he had the requisite "intent to interfere substantially with [R's] personal liberty." ORS 163.225(1). He argues that the evidence shows only that he had the intent to sexually abuse R. We disagree.

A defendant's intent to interfere substantially with the victim's liberty presents a question of fact for the jury, *State v. Wolleat*, 338 Or 469, 478, 111 P3d 1131 (2005), and in the light most favorable to the state, a rational factfinder could infer from the evidence of defendant's conduct and statements that he intended to interfere with R's liberty.

---

[2] ORS 174.010 provides, in full:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

Defendant offered to give toys to R specifically, who was significantly younger than the eight- and 10-year-old girls she was with, and he caused her to move from an open area where she was visible to her friends and neighbors to the interior of a car that was parked in a more isolated area where the view from the apartments would be obstructed. That evidence supports an inference that defendant chose the child who would be easiest to manipulate and that he put her in a context where it would be easier for him to exert control over her. Defendant also told R that he would teach her to drive, which supports an inference that he intended to take her somewhere in his car. *See, e.g.*, *State v. Eastman*, 282 Or App 563, 574-75, 385 P3d 1182 (2016), *rev den*, 361 Or 311 (2017) (evidence was sufficient to permit a rational factfinder to conclude that the defendant intended to substantially interfere with the victim's liberty when the defendant moved the victim to a more isolated area prior to the commission of a second crime, supporting the inference that the movement is intended to "isolate and control the victim"); *State v. Worth*, 274 Or App 1, 12, 360 P3d 536 (2015), *rev den*, 359 Or 667 (2016) (explaining that "proof that a defendant * * * sought to minimize the risk of discovery, or moved the victim to a place that would better facilitate the defendant's control over the victim, is probative of intent to substantially interfere with a victim's freedom of movement"). Because a rational factfinder could find, based on the facts and reasonable inferences from those facts, that defendant intended to interfere with R's personal liberty, the trial court did not err in denying defendant's motion for judgment of acquittal on that ground.

Finally, in defendant's *pro se* supplemental brief, he challenges R's testimony, the legal basis for his sentence, and the failure of the prosecutor to record and provide recordings of her discussion with R before trial. We readily reject all those contentions. First, the credibility of R's testimony was for the jury to decide. And, to the extent that defendant challenges the sufficiency of the evidence to prove the touching was done with a sexual purpose, even assuming that the argument is preserved for appellate review, there is sufficient evidence for a reasonable factfinder to infer that he acted with a sexual purpose. As to sentencing, the trial

court did not err in imposing the 300-month minimum sentence under ORS 137.700(2)(b)(G) because there was sufficient evidence that the kidnapping was done in furtherance of an attempt to commit one of the listed crimes, and there was sufficient evidence, including psychological evaluations, to support the trial court's determination that defendant qualified as a dangerous offender under ORS 161.725. Finally, there is nothing to substantiate defendant's claim of prosecutorial misconduct based on a failure to record meeting with R in preparation for trial. In short, none of the challenges in defendant's *pro se* supplemental brief demonstrates any reversible error.

Affirmed.